**Roger SALCEDO, et al., Plaintiffs,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, a Virginia corporation, Defendant.**

Civ. No. 82 72217.

United States District Court, E.D. Michigan, S.D.

Sept. 16, 1982.

Harold M. Provizer, Southfield, Mich., for plaintiffs.

Carson Grunewald, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

DeMASCIO, District Judge.

The plaintiff alleges that the defendant's action in discharging him constituted a violation of the Railway Labor Act, 45 U.S.C. § 151, *et seq.*, was a breach of the collective bargaining agreement, constituted a violation of due process, caused the intentional infliction of emotional distress, and resulted in intentional interference of contractual relations. The defendant filed this motion to dismiss contending that we lack subject matter jurisdiction over the plaintiff's claims because plaintiff failed to exhaust his administrative remedies under the Railway Labor Act, *Andrews v. Louisville & Nashville Railroad Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). We agree and grant defendant's motion to dismiss.

The plaintiff's claims arise out of a hearing held by the defendant pursuant to the collective bargaining agreement on a charge that plaintiff falsified original records for yard repairs. At the hearing, the plaintiff appeared with Mr. Gardner, a union representative, and Harold M. Provizer, an attorney retained by the Local to represent the plaintiff. Mr. Provizer asked permission to represent the plaintiff at the investigative hearing, which was denied. Mr. Provizer was asked to leave the premises. The plaintiff was subsequently discharged on May 6, 1982.

The plaintiff argues that, by ejecting Mr. Provizer from the hearing, the defendant violated 45 U.S.C. § 152 Third, which prohibits the carrier from interfering with an employee's choice of representative. The plaintiff attempts a more expansive reading of this section than was ever envisioned by Congress. The intent of 45 U.S.C. § 152 Third is to restrain carrier coercion over an employee's choice of his/her collective bargaining representative. The defendant has

not interfered in plaintiff's choice designating the Brotherhood of Railway Carmen of the United States and Canada, Local 467 as his "representative." All the employer did was determine who had the right, according to its interpretation of the collective bargaining agreement, to represent the Brotherhood at the investigative hearing. There has, therefore, been no violation of 45 U.S.C. § 152 Third in this case.

■ The plaintiff also argues that he has a right to an attorney at an employer conducted administrative hearing. There is simply no support for this contention. An employee does not have a due process right to counsel at an employer held investigative hearing. *Edward v. St. Louis-San Francisco Railroad Co.,* 361 F.2d 946, 953 and n. 19 (7th Cir.1966); *Butler v. Thompson,* 192 F.2d 831 (8th Cir.1951); *Broady v. Illinois Central Railroad Co.,* 191 F.2d 73 (7th Cir. 1951) *cert. denied* 342 U.S. 897, 72 S.Ct. 231, 96 L.Ed. 672 (1951); *Brooks v. Chicago, Rock Island & Pacific Railroad Co.,* 177 F.2d 385, 391 (8th Cir.1949). The Railway Labor Act does not contain any provisions that assure an employee a right to counsel at an employer conducted administrative hearing.

■ The remainder of plaintiff's claims clearly fall outside the jurisdiction of this court and within the exclusive jurisdiction of the National Railway Adjustment Board. With respect to plaintiff's claim of breach of the collective bargaining agreement, the administrative remedies of the Railway Labor Act are mandatory and exclusive. *Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. at 323, 92 S.Ct. at 1564. Plaintiff's state law claims for intentional infliction of emotional distress and intentional interference with contractual relations are preempted by the provisions of the Railway Labor Act. Plaintiff is only attempting to recast his wrongful discharge claim as a state law tort claim. *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367, 1369 (9th Cir.1978), *cert. denied* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978). *See also Farmer v. United Brotherhood of Carpenters & Joiners,* 430 U.S. 290, 305, 97 S.Ct. 1056, 1066, 51 L.Ed.2d 338 (1977).

We conclude that the plaintiff's sole remedy lies with the administrative scheme provided by the Act. Plaintiff cannot circumvent the provisions of the Act merely by claiming that the defendant's interpretation of the collective bargaining agreement is a violation of the Act. The defendant's motion to dismiss will be granted. The plaintiff's complaint will be dismissed.

IT IS SO ORDERED.