201 N.J. Super. 422 (1985)
493 A.2d 547
ALBERT M. GONZALEZ, PLAINTIFF-RESPONDENT,
v.
NORTHWEST AIRLINES, INC. AND JAMES O. SINGER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 23, 1985.
Decided May 10, 1985.
*424 Before Judges ANTELL, J.H. COLEMAN and SIMPSON.
Carmine A. Iannaccone argued the cause for appellants (Stryker, Tams & Dill, attorneys; Carmine A. Iannaccone and Mark M. Tallmadge, on the briefs).
Robert H. Jaffe argued the cause for respondent (Jaffe & Schlesinger, attorneys; Robert H. Jaffe, on the letter brief).
The opinion of the court was delivered by SIMPSON, J.A.D.
Defendants Northwest Airlines, Inc. (NWA) and its Newark airport station manager, James O. Singer, appeal from a portion of a July 20, 1984 post-trial order denying Singer's "motion for a directed verdict as to malicious interference and back pay" in *425 an action by plaintiff, a crew chief in the plant maintenance department. The ruling followed a mistrial declared by the trial judge after a 15-day trial resulted in a hung jury as to claims against both defendants of "malicious prosecution" and a claim against Singer of "unlawful interference with a prospective economic advantage."
Gonzalez was discharged from his position on July 30, 1973, with the notice of discharge stating the following cause:
The result of your misuse of company funds whereby you purchased automotive parts, supplies and tools that could not be used on Northwest Airlines' ground equipment, using Northwest Airlines' purchase orders to obtain such items.
Gonzalez grieved his discharge pursuant to the collective bargaining agreement (CBA) between NWA and the International Association of Machinists and aerospace workers, AFL-CIO (IAM), culminating in arbitration before the IAM-NWA System Board of Adjustment (System Board) as required by the Railway Labor Act (RLA), 45 U.S.C.A. § 151 et seq. On January 17, 1977 the System Board, by a 2 to 1 vote, awarded Gonzalez back pay for the period July 30, 1973 to March 15, 1974 ("the date the arbitration could have been decided had it proceeded to hearing on the date scheduled therefor"). The System Board hearing had been adjourned at the behest of Gonzalez until a February 19, 1974 criminal indictment against him had been disposed of. On September 19, 1975 Gonzalez was found not guilty of embezzlement of tools and auto parts of NWA worth $610.99 by a Union County jury.
In January 1976, after acquittal of the criminal charges but before the arbitral hearing, Gonzalez filed a complaint in the United States District Court seeking reinstatement and damages together with an injunction against the System Board arbitration. The allegations included wrongful discharge, malicious prosecution, slander of character, violation of the CBA, and violation of the Civil Rights Act of 1871. United States District Judge Frederick B. Lacey denied an injunction and ordered the System Board arbitration to proceed. After the *426 arbitral award, United States District Judge James A. Coolahan affirmed the award and denied various applications by Gonzalez "without prejudice to the claims for damages [pursuant to the original complaint]." The Third Circuit Court of Appeals affirmed without opinion, and a petition for a writ of certiorari was denied by the United States Supreme Court on March 19, 1979. The matter was remanded for trial and on December 23, 1980 United States District Judge H. Curtis Meanor dismissed the case "for want of jurisdiction without prejudice to the institution by [Gonzalez] of a malicious prosecution action in an appropriate state court." Judge Meanor's order was accompanied by a memorandum opinion of even date, but despite the limitation of any further state action to "malicious prosecution" the New Jersey complaint contained a count against NWA and Singer alleging "malicious discharge" of Gonzalez.
The trial judge's order must be reviewed in the light of his further rulings on May 21, 1984 that additional back pay may not be claimed as part of the damages sought in the malicious prosecution actions against NWA and Singer, and that the punitive damages claims against both defendants be stricken because "there has been no showing of acts on the part of Singer or on the part of Northwest which carry or bear the characteristics that are attributable to the actual malice required for punitive damages." Our review of the record indicates that the trial judge was correct in these determinations and we add that NWA makes no claim that Singer at any time acted outside of the scope of his authority as a managerial employee of the corporate employer. In other words, NWA accepts vicarious liability for the actions of Singer under the familiar doctrine of respondeat superior and has filed no crossclaims against Singer in the event of ultimate liability to Gonzalez for malicious prosecution. We believe, however, that the trial judge erred under these circumstances in deciding that the mandatory arbitration provisions of the RLA did not preclude the wrongful discharge or tortious interference with prospective economic advantage claim against Singer. In other *427 words, as Judge Meanor concluded, all that remained after the arbitration was the malicious prosecution action.
Wrongful discharges constitute "minor disputes" under the CBA subject to final, binding, mandatory arbitration under the RLA. Andrews v. Louisville & Nashville R.R., 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). This exclusive jurisdiction cannot be thwarted by artful pleading attempting to conceal the reality that the gravamen of the complaint is wrongful discharge. Magnuson v. Burlington Northern, Inc., 576 F.2d 1367, 1369 (9th Cir.1978), cert. denied 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978). State law claims for intentional infliction of emotional distress and intentional interference with contractual relations are preempted by the provisions of the RLA. Salcedo v. Norfolk and Western Ry. Co., 572 F. Supp. 286, 288 (E.D.Mich. 1982), aff'd 723 F.2d 911 (6th Cir.1983). See also Carson v. Southern Ry. Co., 494 F. Supp. 1104 (D.S.C. 1979). Cases cited by Gonzalez arising under the Civil Rights Act and National Labor Relations Act are inapposite. Where there is any realistic threat of interference with the federal regulatory scheme, both state and federal actions are precluded by the exclusive arbitral mechanism operating pursuant to the RLA. Choate v. Louisville & Nashville R.R. Co., 715 F.2d 369, 371 (7th Cir.1983); Beers v. Southern Pacific Transp. Co., 703 F.2d 425 (9th Cir.1983).
Although no RLA arbitration preemption case directly on point has been located, it is clear that the federal regulatory scheme would be badly undermined if a grievant could avoid the exclusive remedy provided thereunder by merely commencing an action against the corporate co-employees individually. We therefore hold that a wrongful discharge claim may not be asserted against a co-employee where corporate vicarious liability *428 is not denied and the actions arise from an employment situation otherwise subject to arbitration under the RLA.[1]
Reversed and remanded for entry of judgment in favor of defendant Singer in accordance with the foregoing and for retrial solely on the malicious prosecution claims against NWA and Singer.
NOTES
[1] This result cannot be changed by alternative characterization of the wrongful discharge claim as "malicious interference and back pay," "unlawful interference with a prospective economic advantage," or "malicious discharge."