Wilson R. **ELLIOTT**, Plaintiff,

v.

**CONSOLIDATED RAIL CORPORATION,**
Defendant.

No. S88–598.

United States District Court,
N.D. Indiana,
South Bend Division.

March 5, 1990.

Michael K. Banik, Elkhart, Ind., for plaintiff.

Jeffrey H. Burton, Philadelphia, Pa., and Terrence F. Wozniak, South Bend, Ind., for defendant.

MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on a motion to dismiss for failure to state a claim filed by defendant Consolidated Rail Corporation ("Conrail") and a motion to remand this action as improvidently removed filed by plaintiff Wilson Elliott. Because the court must be certain that federal jurisdiction is proper before entertaining a motion to dispose of the case on its merits, the remand motion is considered first.

Mr. Elliott filed a complaint against Conrail in Elkhart County Superior Court on September 2, 1988. His alleged cause of action for malicious prosecution stems from his arrest on July 14, 1985.[1] According to his complaint, Mr. Elliott was a dismissed Conrail employee in the process of appealing his dismissal, but still a duly elected and accredited representative of the United Transportation Union ("UTU"), Local 1620. Conrail employees informed Mr. Elliott of a train derailment in the early morning hours of July 14, 1985. He came onto Conrail property in his capacity as UTU Local Chairman to conduct UTU business. Conrail Terminal Superintendent Robert Onacki ordered him to leave Conrail's property. Mr. Elliott failed to comply with that order and informed Mr. Onacki and the Conrail police that he believed he had a legal right to be on Conrail property in order to conduct union business. Upon his refusal to leave, he was placed under arrest by Conrail police and subsequently taken into custody by Elkhart police. Mr. Elliott was charged with criminal trespass, but on September 1, 1986 the charge was dropped and the cause dismissed.

Mr. Elliott also alleges that Conrail made false allegations to the State of Indiana that resulted in his arrest and the subsequent prosecution of criminal charges. He claims that Conrail officials requested the state not to drop or dismiss the charges,

---

1. Mr. Elliott brought an earlier action before this court against Conrail, *Wilson R. Elliott v. Consolidated Rail Corporation and United Transportation Union,* Cause No. S86–0427, which this court dismissed for lack of jurisdiction on May 31, 1988. He then filed this action in state court on September 2, 1988. On July 23, 1986, when Mr. Elliott filed the earlier action, the criminal charges brought by Conrail in state court were still pending.

and that Conrail knew that Mr. Elliott did not have criminal intent, an essential element of the criminal trespass charge, yet continued to press the criminal claim against him.

Mr. Elliott claims that his action for malicious prosecution is based on state law tort principles and does not stem from differing interpretations of a collective bargaining agreement. Thus, Mr. Elliott argues that his claim does not fall within the scope of the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, and was improvidently removed.

■■■ Taking all of Mr. Elliott's allegations as true for purposes of this motion, Mr. Elliott's complaint states a cause of action for the tort of malicious prosecution. The essential elements of a cause of action for malicious prosecution in Indiana are: (1) the defendant instituted or caused to be instituted a prosecution against the plaintiff; (2) the defendant acted with malice in doing so; (3) the prosecution was instituted without probable cause; and (4) the prosecution terminated in the plaintiff's favor. *Wong v. Tabor,* 422 N.E.2d 1279, 1283 (Ind. App.1981); *Johnson County Rural Electric v. Burnell,* 484 N.E.2d 989, 992 (Ind. App.1985). Viewed in the light most favorable to Mr. Elliott, the complaint alleges that the defendant's actions that led to Mr. Elliott's prosecution were outside the employer-employee relationship and, thus, possibly outside the scope of the Railway Labor Act. *See Hess v. Missouri Pacific Railroad Co.,* 657 F.Supp. 1066, 1069 (S.D. Ill.1987); *Merola v. National Railroad Passenger Corp.,* 683 F.Supp. 935, 939 (S.D.N.Y.1988) (RLA does not preempt a malicious prosecution claim because the claim does not involve questions that are basically contractual in nature), *citing Brady v. Penn Central Transportation Co.,* 406 F.Supp. 1239 (S.D.N.Y.1975); *Gonzalez v. Northwest Airlines, Inc.,* 201 N.J.Super. 422, 493 A.2d 547 (1985) (mandatory arbitration provisions of RLA precluded wrongful discharge and tortious interference with prospective economic advantage claims, and all that remained after the arbitration was the malicious prosecution action).

■ Even though state law creates Mr. Elliott's cause of action, his case might still "arise under" the laws of the United States if a well-pleaded complaint established that his right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). A plaintiff may not avoid removal jurisdiction by artfully casting his essentially federal law claim as a state law claim. *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981); *Graf v. Elgin, Joliet and Eastern Ry. Co.,* 790 F.2d 1341, 1344 (7th Cir.1986).

■ Conrail contends that removal was proper based upon this court's jurisdiction to apply and interpret the Railway Labor Act, since Mr. Elliott relies on that statute as the basis for his alleged right to be on Conrail property.

■ In many ways the preemptive effect of the Railway Labor Act is comparable to that under section 301 of the Labor Management Relations Act. *See Graf,* 790 F.2d at 1345–46. Thus, if the resolution of a state law claim depends upon the meaning of a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). If, however, the state law claim can be resolved without interpreting the agreement itself, the claim is independent of the agreement for purposes of section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *Id.* 108 S.Ct. at 1883. Conrail may not destroy the state law character of Mr. Elliott's suit merely by raising a legal defense based on federal law. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 399, 107 S.Ct. 2425, 2433, 96 L.Ed.2d 318 (1987); *Bettis v. Oscar Mayer Foods Corp.,* 878 F.2d 192, 197 n. 8 (7th Cir.1989).

In *Lingle,* the Court concluded that analysis of the elements of the plaintiff's retaliatory discharge claim did not require

a court to interpret any term of a collective bargaining agreement. Recent cases in this circuit applying the principles articulated in *Lingle* require the court to analyze the state-based cause of action to determine whether adjudication of such a claim would require an interpretation of a collective bargaining agreement. *E.g. Sluder v. United Mine Workers of America*, 892 F.2d 549 (7th Cir.1989); *Marzuki v. AT & T Technologies, Inc.*, 878 F.2d 203 (7th Cir. 1989); *Nelson v. Central Illinois Light Co.*, 878 F.2d 198 (7th Cir.1989); *Bettis v. Oscar Mayer Foods Corp.*, 878 F.2d 192 (7th Cir.1989); *Douglas v. American Information Technologies Corp.*, 877 F.2d 565 (7th Cir.1989).

As noted above, to show malicious prosecution the plaintiff must set forth sufficient facts from which it can be inferred that (1) the defendant instituted or caused to be instituted a prosecution against the plaintiff; (2) the defendant acted with malice in doing so; (3) the prosecution was instituted without probable cause; and (4) the prosecution terminated in the plaintiff's favor. Conrail's position appears to be that analysis of Mr. Elliott's claim may require a court to refer to and interpret provisions of the Railway Labor Act concerning Mr. Elliott's right to be on Conrail property.[2] Specifically, a court's determination of whether the prosecution was instituted without probable cause could turn on Conrail's interpretation of RLA provisions concerning Mr. Elliott's right to be on Conrail property as a union representative.

Mr. Elliott claims that such a determination is unnecessary. He claims that Conrail's charges were malicious and without probable cause and that Conrail knew that Mr. Elliott did not have criminal intent, an essential element of the criminal trespass charge, yet Conrail continued to press the criminal claim against him. (Complaint, ¶¶ 24, 25).

Mr. Elliott's allegation that Conrail acted without probable cause because it knew he was lacking in criminal intent raises a similar type of factual inquiry as that dealt with in *Lingle*. In *Lingle*, the factual inquiry was whether an employer had a non-retaliatory reason for the discharge of an employee who filed a workers' compensation claim. In this case, a court's resolution of the probable cause issue does not turn on an interpretation of federal labor law, but rather the existence and awareness of Mr. Elliott's belief that he had a contractual right to remain on the property. Thus, the state law tort claim is independent of the Railway Labor Act for purposes of preemption.

Because this case should not have been removed to federal court in the first place, any consideration of the issue of *res judicata* by this court would be improper. Conrail is free to raise its *res judicata* argument as a defense in state court on remand, and if it does, the state court will bear the responsibility to decide whether the earlier action acts as a bar to this action.

Based on the foregoing the court now GRANTS the plaintiff's motion for remand and, pursuant to 28 U.S.C. § 1447(c), orders this cases REMANDED to the state court from which it was removed.

SO ORDERED.

---

2. Conrail has never responded to Mr. Elliott's motion to remand, but briefly discusses its basis for removal in the motion to dismiss. The burden is on the party seeking to preserve the removal, not the party moving for remand, to show that the requirements of removal have been met. *Jones v. General Tire & Rubber Co.,* 541 F.2d 660 (7th Cir.1976). Nevertheless, the existence or nonexistence of federal question jurisdiction is one which this court must decide at the outset. *See* 14A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3739 (2d ed. 1985).