**Bruce DOBIECKI, Plaintiff,**

v.

**Gerald PALACIOS, The Forest Preserve District of Cook County, Illinois, a municipal corporation, Chicago Osteopathic Hospitals and Medical Centers, an Illinois not-for-profit corporation, d/b/a Chicago Osteopathic Hospitals and Medical Centers, Investigative Services Bureau, an Illinois corporation, Star Investigations, Inc., an Illinois corporation, Cliff Lemay and Leonard Sullivan, Defendants.**

**No. 93 C 0754.**

United States District Court, N.D. Illinois, E.D.

July 15, 1993.

---

---

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiff Bruce Dobiecki was employed as a pharmacy technician at defendant Chicago Osteopathic Hospitals and Medical Centers ("Chicago Osteopathic"). Plaintiff was discharged, allegedly because he was stealing controlled and non-controlled drugs. Chicago Osteopathic reported the alleged offense to the local police and Dobiecki was indicted. Named as defendants in this case are the following persons and entities. Defendant Gerald Palacios is a Forest Preserve District of Cook County sworn police officer. Palacios is also employed by defendant Star Investigations, Inc. ("Star") and defendant Investigative Services Bureau, Inc. ("ISB"). Chicago Osteopathic contracted with Star and ISB to have Palacios investigate Dobiecki. Defendant Cliff LeMay was the director of Chicago Osteopathic's outpatient pharmacy. Defendant Leonard Sullivan was Chicago Osteopathic's director of safety and security.[1]

Plaintiff contends that defendants falsely accused him of stealing drugs from the pharmacy. He contends that Palacios and LeMay coerced him into confessing to stealing

---

1. The Forest Preserve District of Cook County was also named as a defendant, but it has al- ready been dismissed.

drugs. He also contends that defendants reported the false allegations to local authorities which resulted in his being charged with theft. The charges were subsequently dismissed.

Count I of the complaint is against Palacios, Chicago Osteopathic, Sullivan, and LeMay. This claim is pursuant to 42 U.S.C. § 1983. It is claimed that Palacios was acting as a police officer and that the other charged defendants acted jointly with Palacios or conspired with him. The complaint refers to Dobiecki being denied "his right to equal protections of the law and due process of law, all in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States."

Counts II, III, and IV are state law claims. Counts II III, and IV are designated as being pleaded in the alternative. In those counts, it is alternatively pleaded that Palacios was only working as a private investigator, not as a municipal employee. Count II is a claim for false arrest, Count III is for false imprisonment, and Count IV is for malicious . prosecution.

Presently pending are defendants' various motions to dismiss and for summary judgment. Plaintiff makes no contention that he needs further discovery in order to respond to any of the issues raised on the motions for summary judgment.

■ On a motion to dismiss, all the well pleaded allegations of the complaint are assumed to be true and all reasonable inferences from the facts alleged are drawn in favor of plaintiff. *Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir. 1987). Documents outside the pleadings, including court documents in other cases, may properly be considered if they are documents appropriate for judicial notice. *Mandarino v. Pollard,* 718 F.2d 845, 849 (7th Cir.1983), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *Green v. Warden, United States Penitentiary,* 699 F.2d 364, 369 (7th Cir.), *cert. denied,* 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983); *Garcia v. City of Chicago,* 1991 WL 289204 *1–2 (N.D.Ill. Dec. 23, 1991).

■ The standard applicable to the summary judgment motions is different. On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. *Oxman v. WLS–TV,* 846 F.2d 448, 452 (7th Cir.1988); *Jakubiec v. Cities Service Co.,* 844 F.2d 470, 471 (7th Cir.1988). The burden of establishing a lack of any genuine issue of material fact rests on the movants. *Id.* at 473. The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. *Id.* at 324, 106 S.Ct. at 2553. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See Covalt v. Carey Canada, Inc.,* 950 F.2d 481, 485 (7th Cir.1991); *Collins v. Associated Pathologists, Ltd.,* 844 F.2d 473, 476–77 (7th Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988). As the Seventh Circuit has summarized:

> The moving party bears the initial burden of directing the district court to the determinative issues and the available evidence that pertains to each. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552 (1986); *id.* at 325, 106 S.Ct. at 2553 ("the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case"). Then, with respect to issues that the non-moving party will bear the burden of proving at trial, the non-moving party must come forward with

affidavits, depositions, answers to interrogatories or admissions and designate specific facts which establish that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. The non-moving party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. *Id.* The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

*Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992).

■ First, it should be considered whether plaintiff has any viable federal claim since, if he does not, it is unlikely to be necessary to consider the merits of the state law claims. *See* 28 U.S.C. § 1367(c)(3).

Contrary to defendants' argument, plaintiff's complaint need not correctly label his claim or cite the correct statutory support. *See Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir.1992). Plaintiff has adequately alleged a federal claim for coercing an involuntary confession and making out a criminal complaint that lacked probable cause, *see Jones v. City of Chicago,* 856 F.2d 985, 992–94 (7th Cir.1988); *Duncan v. Nelson,* 466 F.2d 939 (7th Cir.), *cert. denied,* 409 U.S. 894, 93 S.Ct. 116, 34 L.Ed.2d 152 (1972), if not other claims as well. Also, plaintiff has adequately alleged state action. Civil rights causes of action do not require a higher, more specific standard of pleading. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* ——

U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Except for a limited issue, whether these claims can withstand a motion for summary judgment or a motion for a directed verdict is not now before the court.

Palacios moves for summary judgment on Count I on the ground that the uncontested facts show that Palacios was not working for the Forest Preserve at the time of the conduct alleged in the complaint. In his affidavit, Palacios concedes that time records indicate that he was on duty at the time of the arrest of plaintiff, but Palacios states that the time records are in error and that he was not actually on duty. On the motion for summary judgment, however, plaintiff's reliance on the authenticated time records creates a factual dispute as to whether Palacios was on duty at the time of the arrest. On defendants' motions for summary judgment, it must be assumed that Palacios was on duty and, therefore, that the state action requirement was satisfied. Also, Palacios's argument that the false arrest claim fails because plaintiff has a remedy in state court is without merit. *See Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990); *Hood v. City of Chicago,* 927 F.2d 312, 314 (7th Cir.1991); *O'Brien v. City of Chicago,* 1993 WL 116757 *2 (N.D.Ill. April 15, 1993). The Count I federal claim will not be dismissed.

■ Defendants argue that the state law claims are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.[2] *See generally Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Although not alleged in the complaint, in their summary judgment motions, defendants show that it is uncontested that Dobiecki's employment was subject to a collective bargaining agreement and that he grieved his dismissal. Following arbitration of the dispute, the arbitrator found that good cause existed for Dobiecki's dismissal. The arbitrator found that Dobiecki had agreed to resign and that Chicago

---

2. All defendants raise this defense, contending that they are all alleged to be agents of Chicago Osteopathic which is a party to the collective bargaining agreement. Since the claims are not otherwise found to be preempted, it is unnecessary to determine the extent to which the defense would also be applicable to the claims against the alleged agents of Chicago Osteopathic. *See Loss v. Blankenship,* 673 F.2d 942, 947–48 (7th Cir.1982).

Osteopathic had agreed to refrain from pursuing criminal charges. The arbitrator further found that Chicago Osteopathic reneged on its promise. The arbitrator considered the pressing of charges to be a form of discipline. The arbitrator still found that good cause existed for Dobiecki's dismissal, but determined that it would have taken longer to dismiss Dobiecki if the broken promises had not been made. The arbitrator did not reinstate Dobiecki, but awarded him lost wages for the additional time it would have taken to dismiss Dobiecki and awarded him attorney's fees and costs for defending his criminal case. The arbitrator also directed that Chicago Osteopathic's records reflect that plaintiff resigned for personal reasons and that any reference to theft or the criminal charges be expunged.

 Federal law governs the interpretation and construction of collective bargaining agreements and preempts the application of state contract law to such agreements. *Lingle*, 486 U.S. at 404–06, 108 S.Ct. at 1880–82. "[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles—necessarily uniform throughout the Nation—must be employed to resolve the dispute." *Id.* at 405–06, 108 S.Ct. at 1881–82. *Lingle* makes clear that a state law claim is only preempted if its resolution requires the interpretation of the collective bargaining agreement. *See id.* at 407–10, 108 S.Ct. at 1882–84. The mere fact that the state law claim may require the resolution of the same factual issues as a federal labor claim is not a basis for holding that the state law claim is preempted. For example, in *Lingle* it was held that a state law claim for retaliatory discharge was not preempted even though the employees could grieve their discharges under the applicable collective bargaining agreement.

Here, defendants point to the arbitrator's finding that the pressing of charges was discipline governed by the "just cause" provi-

sion of the collective bargaining agreement. Relying on that finding, defendants contend that plaintiff therefore cannot press any claim related to his discharge. Such an argument is contrary to the holding of *Lingle.* Mere factual overlap is not a basis for preemption. While defendants point to the arbitrator's application of the collective bargaining agreement to Chicago Osteopathic's pressing of charges, they do not explain how resolution of the state tort claims will require interpretation of the collective bargaining agreement. State law claims of false arrest, false imprisonment, and malicious prosecution exist independent of the collective bargaining agreement and do not require interpretation of the just cause provision or any other provision of the collective bargaining agreement. The probable cause standard under state law has its own meaning independent of the just cause standard of the collective bargaining agreement.[3] Plaintiff's state law claims are not preempted by § 301. *See Johnson v. Anheuser Busch, Inc.,* 876 F.2d 620, 625 (8th Cir.1989); *Riggs v. Continental Baking Co.,* 678 F.Supp. 236, 239 (N.D.Cal.1988); *McElroy v. Safeway Stores, Inc.,* 1990 WL 11606 *6–7 (D.Kan. Jan. 23, 1990); *Markus v. McDonnell Douglas Helicopter Co.,* 1990 WL 165818 *2 (C.D.Cal. Feb. 7, 1990). *See also McCann v. Alaska Airlines, Inc.,* 758 F.Supp. 559 (N.D.Cal. 1991) (Railway Labor Act preemption); *Elliott v. Consolidated Rail Corp.,* 732 F.Supp. 954 (N.D.Ind.1990) (same).

 Defendants also seek to dismiss the malicious prosecution claim. The parties agree that the elements of a malicious prosecution claim are: "1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; 2) the termination of the proceeding in favor of the plaintiff; 3) the absence of probable cause for such proceeding; 4) the presence of malice; and 5) damages resulting to the plaintiff." *King v. Avila,* 760 F.Supp. 681, 683 (N.D.Ill. 1989). The question presented by the present motions is whether the termination of plaintiff's criminal case satisfies the second element. The parties provide court records

---

3. Defendants do not contend that they have, or that Illinois would recognize, any defense that would require interpretation of the collective bargaining agreement.

that show plaintiff's confession was suppressed and then the criminal case was stricken from the docket with leave to reinstate. The time for reinstating the case has already run as has the statute of limitations on the criminal charges. Therefore, the case has been terminated. *Bryant v. Whalen,* 759 F.Supp. 410, 419–20 (N.D.Ill.1991).

██ Mere termination, however, is not sufficient to satisfy the second element. The termination of the criminal case must be indicative of innocence. *Id.* at 419; *Joiner v. Benton Community Bank,* 82 Ill.2d 40, 44 Ill.Dec. 260, 263, 411 N.E.2d 229, 232 (1980); *Burghardt v. Remiyac,* 207 Ill.App.3d 402, 152 Ill.Dec. 367, 370, 565 N.E.2d 1049, 1052 (2d Dist.1991); *Carlsen v. Village of Oakwood Hills,* 164 Ill.App.3d 396, 115 Ill.Dec. 421, 423, 517 N.E.2d 1107, 1109 (2d Dist. 1987), *appeal denied,* 119 Ill.2d 554, 119 Ill. Dec. 382, 522 N.E.2d 1241 (1988); *Hajawii v. Venture Stores, Inc.,* 125 Ill.App.3d 22, 80 Ill.Dec. 461, 463, 465 N.E.2d 573, 575 (1st Dist.1984). Where the case is disposed of in a manner that leaves the question of the accused's innocence unresolved, there generally can be no malicious prosecution claim by the accused. *Joiner,* 82 Ill.2d 40, 44 Ill.Dec. at 263, 411 N.E.2d at 232; *Restatement (Second) of Torts* § 660 (1977).

Surprisingly, no case has been found from any jurisdiction which addresses the question of whether dismissal of charges following the suppression of evidence can be considered indicative of innocence. Conclusory statements in treatises indicate that dismissals based on suppressions of evidence are not indicative of innocence. *See Restatement* § 660(b) cmt. d; *Prosser & Keeton on the Law of Torts* § 119 at 875 (5th ed. 1984). *See also Union Oil of California v. Watson,* 468 So.2d 349, 353 n. 4 (Fla.Dist.Ct.App.), *review denied,* 479 So.2d 119 (Fla.1985) (*dictum* ).

The *Restatement* contains the following comment:

> ... If the proceedings have been abandoned however, because evidence has been suppressed by the accused or because of other improper acts done by him or on his behalf for the purpose of preventing a conviction, the abandonment of the proceeding does not amount to a sufficient termination in his favor.

Among the types of misconduct on the part of the accused or in his behalf that prevent a proper trial, and so fall within the scope of Clause (b) are the suppression of evidence, flight of the accused from the jurisdiction or the removal of witnesses, bribery of officials, tampering with a grand jury and all other similar conduct that prevents a fair hearing of the cause. Not included are claims of constitutional or other privilege, the accused's denial of his guilt and similar conduct that merely forces the state to prove its case beyond a reasonable doubt in a trial otherwise fair and proper.

*Restatement* § 660(b) cmt. d. Since lumped together with other "misconduct" of the accused, this reference to suppression of evidence apparently refers to the hiding of evidence by the accused, not suppression of evidence in accordance with an evidentiary ruling. Such an understanding is also consistent with the last sentence of the quoted excerpt, which excludes the type of suppression that occurred in plaintiff's case.

██ The better rule is that the particular circumstances of each case must be considered to determine whether the dismissal following suppression of evidence should be considered indicative of innocence. *See Watson,* 468 So.2d at 353. If the circumstances show that unreliable evidence has been suppressed and the prosecution then abandons the case because of lack of sufficient reliable evidence, that would be a circumstance where the dismissal is indicative of innocence, just as any dismissal for lack of proof is generally considered indicative of innocence. *See Bryant,* 759 F.Supp. at 419; *Wynne v. Rosen,* 391 Mass. 797, 464 N.E.2d 1348, 1351 (1984). If a confession is suppressed because involuntarily coerced, then the evidence was not reliable and a subsequent voluntary dismissal based on lack of evidence would be indicative of innocence. On the other hand, if the evidence was only suppressed on "technical" grounds having no or little relation to the evidence's trustworthiness, then the fact that there was not other sufficient evidence would not be indica-

tive of innocence. *Cf. Rich v. Baldwin,* 133 Ill.App.3d 712, 88 Ill.Dec. 748, 752, 479 N.E.2d 361, 365 (5th Dist.1985); *Bryant,* 759 F.Supp. at 419; *Wynne,* 391 Mass. 797, 464 N.E.2d at 1351; *Scannell v. Riverside County,* 152 Cal.App.3d 596, 199 Cal.Rptr. 644, 652 (1984); *Watson,* 468 So.2d at 353.

Dobiecki has provided a copy of the transcript of the suppression hearing that was held in his criminal case. At the hearing, both Palacios and Dobiecki testified that Palacios did not provide any *Miranda* warnings at any time during Palacios's questioning of Dobiecki at the hospital. Following the hearing, the court denied the motion to suppress a written statement Dobiecki had given to Palacios. The court found that the written statement was voluntary and that Palacios was not acting as a police officer so there was no requirement that Palacios provide any *Miranda* warnings. Dobiecki also provides a brief in support of reconsideration that was filed on his behalf in the criminal case. In that brief, it is argued that Palacios was required to provide *Miranda* warnings. In that brief, Dobiecki relies only on *Miranda;* there is no argument that the written statement was involuntary. The state court judge granted reconsideration and suppressed the written statement. Thereafter, the prosecution dismissed the case.

The rule that a custodial confession will be suppressed if obtained without the benefit of *Miranda* warnings is a prophylactic rule not dictated by the Fifth Amendment or Fourteenth Amendment. *Withrow v. Williams,* — U.S. ——, —— – ——, 113 S.Ct. 1745, 1752–53, 123 L.Ed.2d 407 (1993); *id.* at ——, 113 S.Ct. at 1759 (O'Connor, J., dissenting). *Miranda* is broader than the Fifth Amendment and even excludes confessions that are not constitutionally involuntary or untrustworthy. *Id.* at ——, 113 S.Ct. at 1752; *id.* at ——, 113 S.Ct. at 1759 (O'Connor, J., dissenting). The court transcript and documents

presented show[4] that it cannot be disputed that Dobiecki's statement was found to be voluntary and was suppressed only because of the failure to give *Miranda* warnings.[5] The undisputed facts show that the written statement was suppressed only because of a "technical" failure to comply with *Miranda,* and not because the statement was involuntary or otherwise untrustworthy. The circumstances of the dismissal of Dobiecki's criminal case left the question of his innocence unresolved. Since there was no termination in the criminal case indicative of Dobiecki's innocence, plaintiff cannot succeed on his *malicious prosecution claim.* Count IV will be dismissed.

▇ Defendants also argue that plaintiff fails to adequately allege his state law claims for false arrest and false imprisonment. Contrary to defendants' contentions, however, it is adequately alleged that plaintiff's arrest and detention were without probable cause. Counts II and III will not be dismissed and no sanctions will be imposed on plaintiff.

IT IS THEREFORE ORDERED that:

(1) Motions of defendants Chicago Osteopathic, LeMay, and Sullivan for partial summary judgment [26–1] or, alternatively to dismiss [26–2], and for sanctions [26–3] are granted in part and denied in part. Defendant Investigative Service Bureau's motion to dismiss complaint [20] is granted in part and denied in part. Motions of defendants Gerald Palacios and Star Investigations, Inc. for summary judgment [38–1], or, alternatively, to dismiss with prejudice Counts I, II, III and IV of the complaint [38–2], and for sanctions [38–3] are granted in part and denied in part.

(2) Count IV of plaintiff's complaint is dismissed.

---

4. The issue of whether plaintiff can show there was a termination in his favor is being considered on defendants' summary judgment motions. Alternatively, the court documents and transcript could be taken by judicial notice and considered on the motion to dismiss.

5. Presently, the only issue is the basis for terminating the criminal case and that is all that is considered. In the present case, plaintiff again alleges that his confession was involuntarily coerced. Whether he can prove involuntary coercion in the present case is not presently under consideration, only the question of what the state court found is presently under consideration.

(3) Defendants shall answer the remaining allegations of the complaint by July 27, 1993.

(4) All discovery is to be completed by September 30, 1993. Status hearing set for July 21, 1993 at 9:15 a.m.