**Linda JENKINS, Plaintiff,**

v.

**Riverdale Police Officer W. MEGINNIS, Defendant.**

**No. 94 C 3773.**

United States District Court, N.D. Illinois, Eastern Division.

May 14, 1996.

Jeffrey H. Haas, People's Law Offices, Chicago, IL, Mariel Nanasi, Chicago, IL, for plaintiff.

William W. Kurnik, Michelle Jeanette Hirsch, Kurnik, Cipolla, Stephenson & Barasha, Arlington Heights, IL, for defendant.

### MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff Linda Jenkins brings suit alleging malicious prosecution theories under 42 U.S.C. § 1983 and state law in Counts II and III of her complaint. Defendant William Meginnis moves for summary judgment on these counts pursuant to Federal Rule of Civil Procedure Rule 56. For the reasons explained in this opinion, the motion is denied.

### BACKGROUND

Defendant police officer William Meginnis ("Meginnis") arrested plaintiff Linda Jenkins ("Jenkins") on January 18, 1993. What oc-

curred during the arrest is in dispute. Jenkins was charged with resisting a peace officer, battery, leaving the scene of a property damage accident and operation of an uninsured motor vehicle. The criminal case against Jenkins was called in the Circuit Court of Cook County on February 23, 1993, and continued at Jenkins' request. Three further continuances were granted at her request. On October 22, 1993, the case was called again. Meginnis was not present in the courtroom; upon motion of the state the charges against Jenkins were dismissed with "leave to reinstate." The case has not been reinstated, and, on June 21, 1994, Jenkins filed this action.

### DISCUSSION [1]

■ Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact exists only where 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Wallace v. Tilley*, 41 F.3d 296, 299 (7th Cir.1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986)). In considering such a motion, the court must view all inferences in the light most favorable to the nonmoving party. *Tolentino v. Friedman*, 46 F.3d 645, 649 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995).

### I. Proceedings Were Terminated in Favor of Jenkins

■ Meginnis argues that Jenkins has failed to allege all of the elements of malicious prosecution and therefore her federal

---

**1.** Meginnis erroneously titled his memorandum of law in support of his motion for summary judgment as a memorandum in support of a "motion to dismiss." However, he did title his motion properly and make clear in his brief that he is requesting summary judgment. Jenkins titled her response as a response to a motion to dismiss. Her argument is couched in terms of the motion to dismiss standard. We will overlook this error and apply the proper summary judgment standard in considering the motion.

and state claims must fail. Under both federal and Illinois state law, a claim for malicious prosecution requires that proceedings were terminated in favor of the plaintiff.[2] Meginnis maintains that Jenkins fails to satisfy this element. Because Officer Meginnis was absent when the case was called, charges against Jenkins were stricken on motion of the state, with leave to reinstate ("SOL"). Although the state has not attempted to reinstate the charges, Meginnis contends that proceedings have not yet been concluded in Jenkins' favor.

Judges in this district have diverged on the question of whether striking charges with leave to reinstate satisfies the favorable termination element of malicious prosecution. *See King v. Avila,* 760 F.Supp. 681 (N.D.Ill. 1989) (Norgle, J.) (a case stricken from the docket is still a pending case and as a matter of law cannot be the basis for a malicious prosecution claim); *Amu v. K Mart Corp.,* 1993 WL 388699 (N.D.Ill.) (Aspen, J.); *Falk v. Clarke,* 1990 WL 43581 (N.D.Ill.) (Lindberg, J.) (plaintiff may bring a malicious prosecution action where the underlying criminal action had been stricken with leave to reinstate); *Dobiecki v. Palacios,* 829 F.Supp. 229 (N.D.Ill.1993) (Hart, J.) (where a case has been stricken from the docket with leave to reinstate, and the statute of limitations on the criminal charges has run, the court must consider whether the termination of the criminal case was indicative of innocence in order to determine whether the termination was favorable to the plaintiff).

In *Dobiecki,* the plaintiff's confession was suppressed and the criminal case stricken from the docket with leave to reinstate. *Id.* at 235. Judge Hart considered whether dismissal of charges following the suppression of evidence can be indicative of innocence. *Id.* He held that "the particular circumstances of each case must be considered to determine whether the dismissal following

suppression of evidence should be considered indicative of innocence." *Id.* The court reasoned: "If the circumstances show that unreliable evidence has been suppressed and the prosecution then abandons the case because of lack of sufficient reliable evidence, that would be a circumstance where the dismissal is indicative of innocence just as any dismissal for lack of proof is generally considered indicative of innocence." *Id.* The court determined that since the confession was voluntary and was suppressed only because of a technical failure to comply with *Miranda,* the circumstances of the dismissal left the question of plaintiff's innocence unresolved and plaintiff could not bring a malicious prosecution claim. *Dobiecki,* 829 F.Supp. at 235.

We agree with Judge Hart that the effect of the SOL order on the favorable termination issue must be decided on a case by case basis, depending on the particular circumstances. However, we do not believe the relevant inquiry is whether the termination of the case was "indicative of innocence." The issue in a criminal case is not actual innocence but whether the evidence proves guilt beyond a reasonable doubt. We think the pertinent question in the SOL context is whether the circumstances surrounding the SOL indicate that, at the time of the filing of the malicious prosecution action, further prosecution of the state criminal case is precluded as a matter of state law.

Whether or not the underlying criminal action has been terminated in Jenkins' favor, then, depends on the answers to several questions. First, we must determine whether the case has been "terminated" at all. The specific issue in this case is whether the statute of limitations has run. There has been some disagreement in this district as to whether the statute of limitations continues to be tolled by the "pendency" of a case that

---

**2.** In order to state a federal claim for malicious prosecution a plaintiff must allege that: judicial proceedings were brought against the plaintiff; there was a lack of probable cause for those proceedings; the defendant demonstrated malice in instituting those proceedings; and the cause of action was terminated in the plaintiff's favor. *Curtis v. Bembenek,* 48 F.3d 281, 286 (7th Cir. 1995). The elements for a state malicious prose-

cution claim in Illinois are: commencement or continuation of an original criminal or civil judicial proceeding by defendant; termination of the proceeding in favor of the plaintiff; absence of probable cause for such proceeding; the presence of malice in the institution of the original action; and damages to the plaintiff. *Shaw-Stabler v. Tilgner,* 173 Ill.App.3d 843, 123 Ill.Dec. 455, 456, 527 N.E.2d 1093, 1094 (1988).

has been SOL'd. *See Lorenzana v. Mette,* 1995 WL 461860 * 4 (N.D.Ill.) (Coar, J.) (stating in dicta: where SOL'd case is still pending on the court's docket awaiting reinstatement and a disposition on the merits, applicable statute of limitations continues to run). *But see Mitchell v. Keenan,* 858 F.Supp. 105, 107 (N.D.Ill.1994) (Nordberg, J.) (although noting that several district courts and Illinois Appellate courts have held to the contrary, the court follows a more recent Illinois Appellate court decision holding that SOL'd cases may indefinitely toll the statute of limitations).[3] Given the absence of any precedent definitively resolving the issue, we adopt what seems to us the better view: that the tolling effect of the pending charges is removed when the charges are dismissed or stricken with leave to reinstate; the limitations period starts to run again at that point and, unless the charges are actually reinstated before the expiration of the remainder of the period, further prosecution is barred. This is consistent with the policy of repose underlying the statute of limitations. We can see no reason why striking a case with leave to reinstate should deprive the accused of the benefit of limitations and allow the state to place him in a limbo of indefinite duration.

Jenkins' malicious prosecution action is based on the charges brought against her for resisting a peace officer and battery. Both resisting a peace officer (720 ILCS 5/31–1) and battery (720 ILCS 5/12–3) are Class A misdemeanors. The prosecution for a misdemeanor must be commenced within eighteen months after the commission of the offense. 720 ILCS 5/3–5(b) (Smith–Hurd 1993). Since the offenses are alleged to have been committed in 1993, the statute of limitations has run and further prosecution would be barred. Therefore, the case is, in effect, terminated.

The next question is whether this is the kind of termination that suffices for malicious prosecution purposes. Clearly, this court has no authority to enter any order actually terminating a state criminal prosecution, and no state court has yet entered an order which purports to preclude the prosecution of Jenkins. Instead, the SOL order expressly permitted the reinstatement of the case. Neither has a state court held that the statute of limitations bars reinstatement of the charges against Jenkins; only this court has so held, and perhaps the holding is properly viewed as simply a prediction of what the state court would do if presented with the limitations defense.

We think the appropriate determination for this court to make is whether, in its view of the applicable state law, further prosecution of Jenkins is barred by limitations. We hold as a matter of law that it is and that the state case has, therefore, been terminated for purposes of this malicious prosecution action.

Finally, we must determine whether the termination was in favor of Jenkins. Although the termination was not on the merits, and there certainly has been no determination of Jenkins' "innocence," or even that there was a lack of probable cause for her prosecution, the combination of the SOL order and the running of limitations has resulted in a situation where she cannot be convicted on the charges. Because she is relieved of the possibility of criminal liability, we hold that the criminal case was terminated in her favor.

Obviously, this holding relates only to one element of Jenkins' malicious prosecution case—favorable termination. She must still prove lack of probable cause and malice in order to prevail on Counts II and III of her complaint.[4]

---

**3.** Judge Nordberg relied on an early Illinois Supreme Court decision holding that the applicable statute of limitations is tolled by the entry of an SOL. *People v. Johnson,* 363 Ill. 45, 1 N.E.2d 386 (1934). In affirming Judge Nordberg's decision in *Mitchell,* the Seventh Circuit commented that a recent Illinois Appellate Court case, finding that a prosecution that has been stricken with leave to reinstate could only be reinstated within the limitations period, "cast doubt over this rule." *Mitchell v. Keenan,* 50 F.3d 473, 476 n. 2 (7th Cir.1995) (citing *People v. Triplett,* 108 Ill.2d 463, 92 Ill.Dec. 454, 485 N.E.2d 9 (1985)). We agree with the Seventh Circuit's assessment that "the law on this area is hardly clear." *Id.*

**4.** See n. 2, supra.

**571**

## II. Jenkins' Failure to Refer to the Fourth Amendment is Not a Ground for Summary Judgment

Meginnis argues that Jenkins' federal malicious prosecution claim is miscast because she has brought it only under the Fourteenth Amendment. In *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), the Supreme Court held that the Fourteenth Amendment Due Process Clause does not support an action for malicious prosecution. However, the Court specifically left open the possibility that such a claim was possible under the Fourth Amendment. *Id.* at 269–71, 114 S.Ct. at 811. The Seventh Circuit, interpreting the *Albright* decision, has stated that in a claim for malicious prosecution, "the defendant's only constitutional remedy is under the Fourth Amendment . . . and not under the due process clause directly." *Smart v. Board of Trustees of University of Illinois*, 34 F.3d 432 (7th Cir.1994).

However, this is no basis for granting summary judgment. Declining to dismiss a claim for unconstitutional seizure where plaintiff mistakenly grounded his claim in the Fourteenth Amendment, Judge Shadur stated: "[D]efense counsel's quarrel with any Fourteenth Amendment citation in such a complaint reflects either an unwarranted semantic quibble or a misunderstanding of constitutional jurisprudence. After all, the only way in which the Fourth Amendment's standards can come into play against a 'state actor' such as [defendant] is via the incorporation of those standards through the Fourteenth Amendment's Due Process Clause." *Fallon v. Dillon*, 1991 WL 28223 at *1 (N.D.Ill.). In this sense, the Fourteenth Amendment includes the Fourth Amendment. The Due Process Clause of the Fourteenth Amendment incorporates specific protections defined in the Bill of Rights. *Daniels v. Williams*, 474 U.S. 327, 337, 106 S.Ct. 677, 677–78, 88 L.Ed.2d 662 (1986) (Stevens, J. concurring in judgment). Thus, the Fourth Amendment's right to privacy free from unreasonable state intrusion is enforceable against the states through the Due Process Clause of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 1691–92, 6 L.Ed.2d 1081 (1961). To be completely accurate, a malicious prosecution action against a state officer is properly brought under the Fourteenth *and* Fourth Amendments. But there is no reason to penalize Jenkins for mentioning only the Fourteenth Amendment in her complaint.

## CONCLUSION

For the forgoing reasons, defendant's motion for summary judgment is denied.