(No. 36260.—■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* IRA NELSON, Plaintiff in Error.

*Opinion filed May 25, 1962.*

James G. Hiering, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and John T. Gallagher and Edwin J. Belz, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

Defendant, Ira Nelson, was found guilty of armed robbery by a jury in the criminal court of Cook County and was sentenced to the penitentiary under the Habitual Criminal Act for a term of not less than five years nor more than life. On this writ of error defendant contends that the trial court erred in refusing to discharge him under the four-months statute (Ill. Rev. Stat. 1959, chap. 38, par. 633.1), and, in the alternative, that the court erred in denying his petition for a change of venue.

Defendant was arrested on September 13, 1957, and was tried on indictment 57-2282 (not involved herein) on October 29. He was found guilty and sentenced. We reversed that judgment on January 22, 1960. (*People v. Nelson,* 18 Ill.2d 313.) On October 30, 1957, the trial court had granted the State's motion to strike the indictment involved herein with leave to reinstate. The State moved to reinstate on April 20, 1960, and defendant's motion to strike

was denied, and his trial, conviction and sentence followed.

"An Act to bar certain actions for want of prosecution" (Ill. Rev. Stat. of 1959, chap. 38, par. 633.1) was passed in 1957 to modify the rule that a defendant sentenced to one charge, who had a second charge pending against him, had no right to compel the State to proceed on the second charge until after he had been released from custody on the first charge. Under the new act, whenever any person has been imprisoned in the penitentiary, and whenever during the continuance of that term, there is pending in the county in which he was sentenced any other indictment against him, such untried cause shall be barred for want of prosecution if the prisoner is not brought to trial within four months after the date of incarceration for the prior conviction. (See *People* v. *Swartz,* 21 Ill.2d 277.) More than four months elapsed between defendant's confinement on the former charge and his trial herein. However, if delay in trial is caused or consented to by the defendant, the statute may be tolled. *People* v. *House,* 10 Ill.2d 556; *People* v. *Brame,* 6 Ill.2d 412.

The State contends that the defendant, in making no objection to the State's motion to strike with leave to reinstate, consented to a general continuance of the cause which tolled the statute. The court asked if there was any objection to the motion. Appointed counsel said "No objection," and defendant himself made no objection. He may have thought that reinstatement, if the State intended to prosecute at all, would be requested within the period provided by statute. Certainly there is no indication that he was willing to consent to an indefinite tolling of the statute. The significance of his failure to object was not explained to him of record. The situation presented differs from the clear cases of delay caused by a defendant such as continuances granted at defendant's request or by agreement or defendant's motion for other affirmative relief. We are, therefore, of the opinion that the waiver of such a substantial right

as is embodied in the statute should not be implied in these circumstances.

Since the judgment must be reversed, it is unnecessary to discuss defendant's remaining contention.

The judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*