THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. EAST-WEST UNIVERSITY, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 87—0030 through 87—0035 cons.

Opinion filed October 23, 1987.—Rehearing denied November 19, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Kenneth A. Fedinets, Assistant Attorney General, of Chicago, of counsel), for the People.

Harry A. Schroeder, of Flossmoor, and David P. Schippers and Dennis M. Tobin, both of Chicago, for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)), the State appeals from an order dismissing forgery charges against defendants, East-West University, Inc., Dr. Wasi Khan, Dr. Madhu Jain and Wilson Jordan. The State also appeals from an order

joining for trial theft and conspiracy charges brought against the same defendants.

Defendants were charged in seven separate indictments with conspiracy to commit theft, theft and forgery. (Ill. Rev. Stat. 1985, ch. 38, pars. 8—2(a), 16—1(b)(1), 17—3(a)(1).) The forgery counts alleged that defendants, with the intent to defraud, knowingly made documents apparently capable of defrauding another in such manner that they purported to have been made with different provisions. The counts variously described the documents as "all documentation required to receive Basic Educational Opportunity Grant funds," "Illinois State Scholarship Certifications" and "documentation required to receive Illinois Board of Higher Education Grant funds." The documents were "apparently capable of defrauding another" in that they "contained the names and credit hours of students, enrolled at East-West University, who were entitled" to the named funds "when, in fact, [defendants] knew that the documentation contained the names of persons who were not entitled to said funds."

Defendants East-West University, Dr. Wasi Khan and Dr. Madhu Jain filed joint superseding motions to dismiss all of the charges.[1] They asserted, *inter alia*, that "[t]he charge does not state an offense" and that "[t]he Indictment, and particularly Count Two [charging forgery], is so vague and uncertain that it fails to advise these Defendants with sufficient particularity of the charges which they are called upon to answer and to allow them to prepare their defense in violation of the due process clauses of the Constitution of the United States and the Constitution of the State of Illinois."

The trial court granted defendants' motions as to the forgery counts, denied their motions as to the theft and conspiracy to commit theft counts, then allowed defendants' motions to join the theft and conspiracy counts for trial. In dismissing the forgery counts, the court stated that the forgery statute does not encompass the conduct alleged in the indictments.

The State appealed both the order of dismissal and the order of joinder. Subsequently, the State struck, on leave to reinstate, the theft and conspiracy counts. On defendants' motion, we dismissed the State's appeal from the order joining for trial the indictment charging defendants with conspiracy to commit theft with the counts in the other indictments charging theft on the ground that the conspiracy indictment had been voluntarily dismissed. The State's appeal

---

[1]The fourth defendant, Wilson Jordan, agreed to testify for the State and did not join in these motions.

from the order joining the theft counts for trial will be discussed later in this opinion.

■ Section 111—3 of the Code of Criminal Procedure of 1963 requires, *inter alia*, that a charging instrument set forth "the nature and the elements of the offense charged." (Ill. Rev. Stat. 1985, ch. 38, par. 111—3(a)(3).) An indictment which charges an offense in the language of the statute is sufficient if the words of the statute particularize the offense so that an accused is apprised, with reasonable certainty, of the precise offense. (*People v. Banks* (1979), 75 Ill. 2d 383, 392, 388 N.E.2d 1244.) " '[T]he forgery statute does define—particularize—the elements of forgery—thus a charge which uses the same language is valid.' " *People v. Hockaday* (1982), 93 Ill. 2d 279, 284, 443 N.E.2d 566, quoting *People v. Young* (1974), 19 Ill. App. 3d 455, 457, 311 N.E.2d 609. See also *People v. Varellas* (1985), 138 Ill. App. 3d 820, 824, 486 N.E.2d 388.

■ Defendants concede that the indictments generally attempted to charge the offense of forgery in the language of the statute which, ordinarily, would suffice. They assert, however, that the indictments were deficient for failure to identify and describe explicitly the instruments that were alleged to have been forged. (See *People ex rel. Miller v. Pate* (1969), 42 Ill. 2d 283, 285-88, 246 N.E.2d 225.)[2] We disagree.

As noted earlier, the indictments described the forged instruments as "all documentation required to receive Basic Educational Opportunity Grant funds," "Illinois State Scholarship certifications" and "documentation required to receive Illinois Board of Higher Education Grant funds." The documents were prepared at various times between September 1981 and November 1982.

In light of the nature and extent of the forgeries involved, we believe that the indictments adequately identified for defendants the documents they were alleged to have forged. It would have been impractical and unwieldy to have described the documents with greater detail in the indictments and "[i]t should be remembered that an indictment, as a preliminary proceeding, should contain no more than a cursory statement of the facts informing a defendant of the charge." (*People v. Toolen* (1983), 116 Ill. App. 3d 632, 656, 451 N.E.2d 1364.)

---

[2]An instrument may be described either by a "purport description," or by a "tenor description." A purport description is narrative in style and describes the salient aspects of the instrument, and a tenor description is either an exact copy or typed facsimile *in haec verba*. (*People ex rel. Miller v. Pate* (1969), 42 Ill. 2d 283, 286, 246 N.E.2d 225.) In the case at bar, copies of the forged instruments were not attached to or incorporated in the indictments.

Requiring further explanation in the indictments would serve no useful purpose. 116 Ill. App. 3d 632, 656, 451 N.E.2d 1364.[3]

In granting defendants' superseding motions to dismiss, the court expressed the opinion that the forgery statute does not encompass the conduct alleged in the indictments. Again, we disagree.

■ Essentially, the indictments in the case at bar alleged that defendants falsified enrollment and registration data at East-West University in order to obtain educational grant funds for persons who were not entitled to them. We experience no difficulty in concluding that this conduct, if proved, constitutes forgery, which has been succinctly defined as "a false *making* or alteration of an instrument which is apparently capable of defrauding another and *made* or altered with an intent to defraud." (Emphasis added.) *People v. Young* (1974), 19 Ill. App. 3d 455, 457, 311 N.E.2d 609.

In *Young*, the appellate court held that defendant was properly convicted of delivery of a forged instrument where he pledged stock that had been issued without approval of the corporate board even though, as president of the corporation, he had the authority to sign the certificate in question and the certificate may not have contained any forged signatures. (19 Ill. App. 3d 455, 459-60, 311 N.E.2d 609.) The decision in *People v. Young* is consistent with the supreme court's approval in *People v. Mau* (1941), 377 Ill. 199, 36 N.E.2d 235, of the principle that "an offender may be guilty of a false making of an instrument although he sign and execute it in his own name, in case it be false in any material part, and calculated to induce another to give credit to it as genuine and authentic, when it is false and deceptive." (377 Ill. 199, 203, 36 N.E.2d 235.) That is precisely what the forgery counts in the case at bar allege.

■ We find no merit in defendants' argument that the forgery counts failed to comport with the requirements of due process. An indictment must apprise the defendant of the precise offense charged with sufficient specificity to enable him to prepare his defense and allow the pleading of the judgment as a bar to future prosecution arising out of the same conduct. *People v. Gilmore* (1976), 63 Ill. 2d 23, 28-29, 344 N.E.2d 456.

Defendants' claim that the forgery counts were not sufficiently specific to enable them to prepare their defense is negated by their

[3]"So long as the statutory language used describes specific conduct then there is no need for the charge to specify the exact means by which the conduct was carried out." (*People v. Wisslead* (1985), 108 Ill. 2d 389, 397, 484 N.E.2d 1081.) Additional specificity may be obtained, as it was here, through pretrial discovery. 108 Ill. 2d 389, 397, 484 N.E.2d 1081.

agreement on July 29, 1986, to set a firm trial date of September 11, 1986, and by their repeated and insistent demands for trial on September 11, 1986, and on three subsequent court dates when the cases were continued on the State's motion or on order of court. Defendants demanded trial on each occasion even though motions to dismiss the indictments were pending. Their conduct leaves no doubt that defendants were prepared to go to trial on all of the pending charges.

In any event, our supreme court has noted that "[t]he liberalization of criminal pleading *** reflects a lessening in importance of the indictment's secondary functions." (*People v. Jones* (1973), 53 Ill. 2d 460, 464, 292 N.E.2d 361.) The court explained:

> "The indictment as a means of informing defendants of particulars concerning the case is now far overshadowed by the array of discovery procedures available to the defense. Similarly, the time when an indictment defined the limits of jeopardy has passed and a prior prosecution on the same facts may be proved by resort to the record. [Citation.] The primary safeguard of indictment by grand jury, which remains secured to criminal defendants, is to protect individuals from the caprice of the public prosecutor." 53 Ill. 2d 460, 464, 292 N.E.2d 361.

In light of the extensive pretrial discovery afforded to defendants by the prosecution in this case, we believe that defendants' asserted inability to prepare an adequate defense is without merit. Moreover, whether defendants are convicted or acquitted of forgery, they may resort to the entire record of the proceedings, including the trial record, to bar a subsequent prosecution based on the same conduct. (*People v. Gilmore* (1976), 63 Ill. 2d 23, 30-31, 344 N.E.2d 456.) In sum, we find no merit in defendants' due process claims.

In its answer brief, defendant East-West University argues that the forgery counts failed to charge properly the commission of a felony by a corporation. The State responds that this issue has been waived because it was not raised in defendant's superseding motions to dismiss. East-West University is the appellee in this appeal, however, and may urge affirmance on any ground for which there is a basis in the record. East-West did raise this issue in an earlier motion to dismiss which was denied. We will address the argument here.

Section 5—4(a)(2) of the Criminal Code of 1961 provides that "[a] corporation may be prosecuted for the commission of an offense if, but only if *** [t]he commission of the offense is authorized, requested, commanded, or performed, by the board of directors or by a high managerial agent who is acting within the scope of his employment in behalf of the corporation." (Ill. Rev. Stat. 1985, ch. 38, par.

5—4(a)(2).) "High managerial agent," in turn, is defined by the Code as "an officer of the corporation, or any other agent who has a position of comparable authority for the formulation of corporate policy or the supervision of subordinate employees in a managerial capacity." Ill. Rev. Stat. 1985, ch. 38, par. 5—4(c)(2).

■■ ■ The indictments alleged that East-West University is a corporation and that it committed the offense of forgery "through its corporate officers, employees and/or agents." East-West contends that this is not sufficient to charge the corporation with the commission of a felony because the indictments failed to allege that the criminal acts were "authorized, requested, commanded, or performed, by the board of directors or by a high managerial agent who is acting within the scope of his employment in behalf of the corporation." East-West, however, has not cited and we are not aware of any case holding that the basis of a corporation's responsibility for the commission of a felony must be articulated in the indictment or information. In our opinion, the basis of a corporation's criminal liability is a matter of evidence to be proved at trial and not an element of the offense which must be set forth in the charging instrument. See generally *People v. Valley Steel Products Co.* (1978), 71 Ill. 2d 408, 422-23, 375 N.E.2d 1297.

We conclude that the circuit court erred in granting defendants' superseding motions to dismiss the forgery counts of the indictments. Accordingly, we reverse the order dismissing those counts and remand the cause for further proceedings.

■ The State, as noted earlier in this opinion, has also appealed from the court's order joining for trial the counts that were not dismissed. We are aware of no basis for such an appeal. An order joining charges for trial is an interlocutory order from which the State has no right of appeal. (107 Ill. 2d R. 604(a)(1).) Moreover, the State has not explained how the order dismissing the forgery charges affected its ability to prosecute the remaining theft and conspiracy charges. Accordingly, we dismiss the State's appeal from the order joining those charges for trial.

Reversed in part and remanded for further proceedings; dismissed in part.

LORENZ and MURRAY, JJ., concur.