THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. NICHOLAS MITSAKOPOULOS, Defendant-Appellee.

First District (1st Division)   No. 86—3334

Opinion filed May 31, 1988.

Richard M. Daley, State's Attorney, of Chicago (Kenneth T. McCurry and Diane N. Walsh, Assistant State's Attorneys, of counsel), for the People.

Philip Krasny and John Alioto, both of Chicago, for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, Nicholas Mitsakopoulos, was charged by indictment with the offenses of theft and forgery. Defendant moved to dismiss

the theft counts and the trial court granted the motion. The State appealed the dismissal, and while the appeal was pending, defendant proceeded to trial on the forgery charges and was acquitted. Thereafter, this court issued a Rule 23 (107 Ill. 2d R. 23) order which reversed the order of the trial court dismissing the theft counts and remanded the matter for further proceedings. In the trial court, the defendant again moved to dismiss the theft counts and the trial court again granted defendant's motion. The State now appeals from the second dismissal order.

The defendant was indicted on October 20, 1983. The charges arose from a complaint filed by Elizabeth Hullman which alleged that the defendant, who was helping her manage the financial affairs of her deceased husband's estate, had used life insurance proceeds for himself instead of investing them for her. Prior to his death, Mrs. Hullmann's husband, Gustaf, entered into an agreement with defendant which provided that defendant would handle the deceased's financial affairs. Mr. Hullmann had taken out insurance policies on his life with the Washington National Insurance Company. Mrs. Hullmann, however, was unaware of the existence of these policies. Specifically, counts I and II of the indictment alleged that on September 22, 1978, the defendant committed theft and theft by deception by depositing a $66,470.06 check representing life insurance proceeds in his personal banking account which was the property of Elizabeth Hullmann. Count III alleged that on June 21, 1978, the defendant committed a forgery when he sent a claimant statement to Washington National Insurance Company to which he signed Elizabeth Hullmann's signature and requested that any correspondence be sent to defendant's address. Count IV alleged that the defendant committed a forgery on September 22, 1978, when he signed the name of Elizabeth Hullman to the check.

On July 21, 1984, defendant filed a motion to dismiss the theft counts contending that the State failed to inform the grand jury that it was seeking the indictment pursuant to an exception to the statute of limitations. The defendant's motion to dismiss counts I and II was granted. On September 26, 1984, the State filed its notice of appeal seeking review of the dismissal order. On July 30, 1985, the State proceeded to trial on the forgery counts and the defendant was found not guilty.

Following the acquittal, this court issued a Rule 23 order on April 21, 1986, reversing the trial court's order dismissing the theft counts and remanding the matter for further proceedings. The theft counts were reinstated and redocketed in the trial court. Thereafter, the

defendant filed a second motion to dismiss the theft counts contending that the compulsory joinder statute (Ill. Rev. Stat. 1985, ch. 38, pars. 3—3, 3—4) precluded the State from further pursuing the prosecution of the defendant since all charges should have been prosecuted in one proceeding. On October 23, 1986, the trial court granted the motion, ruling that in the interest of judicial economy the State should have suspended further proceedings pending outcome of the appeal. This appeal is from the second order of dismissal of the theft counts.

The State argues on appeal that defendant's trial on the forgery counts was a nullity and there is no basis to bar his trial now on the theft counts. Defendant responds that a trial on the theft counts is barred by the compulsory joinder statute.

■ The compulsory joinder provisions of the Criminal Code of 1961 state, in part:

"Sec. 3—3. Multiple Prosecutions for Same Act. (a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.

(c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately."

"Sec. 3—4 Effect of Former Prosecution.

\* \* \*

(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code (unless the court ordered a separate trial of such charge) \*\*\*." (Ill. Rev. Stat. 1985, ch. 38, pars. 3—3, 3—4.)

While the statute does not preclude successive prosecutions based on a series of acts or a course of conduct, it does mandate that all known

offenses be prosecuted in a single prosecution if the offenses are based on the same act. See Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments (Smith-Hurd 1972).

In our opinion, the case at bar falls within the protection provided by the compulsory joinder statute. In *People v. Mullenhoff* (1965), 33 Ill. 2d 445, 202 N.E.2d 122, the defendant was indicted for attempted deviate sexual conduct and was acquitted. He was reindicted and convicted of attempted rape. The evidence presented in both cases arose out of the same act and was identical. This information was known to the State's Attorney's office at the commencement of the prosecution. In reversing the conviction, the Supreme Court stated:

> "[T]he crux of the question is whether both offenses charged should have been prosecuted[ ] in a single prosecution under section 3—3. We think this query must be answered in the affirmative. Both offenses were based on the identical conduct of the defendant, and this conduct was known to the [prosecution]. ***
>
> Failing to proceed on both offenses in a single prosecution, the State must be barred by the first acquittal." 33 Ill. 2d at 449.

In the case at bar, the theft counts of the indictment alleged that on September 22, 1978, the defendant was charged with theft and theft by deception by exerting unauthorized control over the proceeds of a check in the amount of $66,470.06. Count IV alleged that the defendant committed forgery on September 22, 1978, when he uttered the check which was the subject of the two theft counts. The State proceeded to trial only on the forgery charges and defendant was acquitted. The evidence for both the theft and forgery charges was the same and involved the same conduct of defendant and all of the offenses were known to the State at the time of commencing prosecution. In our judgment, sections 3—3 and 3—4 require that the actions should have been tried in a single prosecution and, therefore, prosecution of the theft charges is barred by defendant's prior acquittal on the forgery charges. Accordingly, the trial court properly sustained defendant's motion to dismiss the theft counts. *Mullenhoff*, 33 Ill. 2d 445; see also *In re R.L.K.* (1978), 67 Ill. App. 3d 451, 384 N.E.2d 531.

The State further argues that the filing of its notice of appeal divested the trial court of jurisdiction and rendered the trial of the forgery charges a nullity. The State notes that it may appeal from a dismissal of less than all counts contained in an indictment pursuant to Supreme Court Rule 604 (107 Ill. 2d R. 604). (See *People v. Boclaire*

(1975), 33 Ill. App. 3d 534, 337 N.E.2d 728; *People v. Henry* (1974), 20 Ill. App. 3d 73, 312 N.E.2d 719.) Further, Supreme Court Rule 604 (107 Ill. 2d R. 604) and section 103—5(e) (Ill. Rev. Stat. 1985, ch. 38, §103—5(e)) provide for the suspension of the speedy trial act once an appeal is initiated. However, once the notice of appeal is filed, the trial court only loses jurisdiction as regards those matters which are the subject of the appeal. *People v. Circella* (1972), 6 Ill. App. 3d 214, 285 N.E.2d 254.

■ An examination of the notice of appeal in the case at bar reveals that the appeal was taken only from the dismissal of the two theft counts. As such, the trial court was not deprived of its jurisdiction and the State was not precluded from exercising its discretion and proceeding to trial on the remaining forgery counts. (*People v. Harris* (1979), 68 Ill. App. 3d 12, 385 N.E.2d 789.) The State had the opportunity to suspend further proceedings pending appeal, but adopted the questionable strategy of proceeding to trial on the remaining forgery counts. Since the trial court was vested with jurisdiction to proceed with a trial on the forgery counts, we do not find that the trial of the forgery charges was a nullity.

For the reasons stated, we affirm the judgment of the trial court granting defendant's motion to dismiss.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.