THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. EAST-WEST UNIVERSITY, INC., *et al.*, Defendants-Appellees.

First District (5th Division)    No. 1—91—3319

Opinion filed June 24, 1994.

558

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen and Michael M. Click, Assistant Attorneys General, of counsel), for the People.

Harry A. Schroeder, of Law Offices of Harry A. Schroeder, P.C., and David P. Schippers, both of Chicago, for appellees.

JUSTICE GORDON delivered the opinion of the court:

This is the third time this case has been before this court on appeal. In the instant appeal, the State is seeking reversal of an order of the circuit court of Cook County granting the motion of defendants East-West University, Dr. Wasi Khan, and Dr. Madhu Jain dismissing the counts of theft and conspiracy to commit theft filed against them. The trial court's order dismissing those counts was based on violation of the speedy trial provisions in section 103—5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/103—5 (West 1992)).

FACTS

The Cook County grand jury returned seven indictments, five on September 5, 1985, and two on November 14, 1985, charging defendants East-West University, Wasi Khan, and Wilson Jordan

with forgery, theft by deception, and conspiracy to commit theft. The charges are based on alleged actions of defendants in connection with documents required for Basic Educational Opportunity Grants, Illinois State Scholarships, and Board of Higher Education Grants over a period ending on November 15, 1982. Five of the indictments each contained two counts, count I charging theft by deception and count II charging forgery. The remaining two indictments charged only conspiracy to commit theft. Defendants first demanded trial on June 11, 1986. Defendants again demanded trial on September 11, 1986, and repeatedly thereafter.

On October 30, 1986, defendants filed a motion to dismiss all counts. On November 6, 1986, defendants filed a superseding motion to dismiss all counts. On December 8, 1986, the trial court granted defendants' superseding motion to dismiss count II (the forgery counts) of the indictments on the grounds that the indictments did not allow them to prepare their defense because they failed to advise defendants with particularity of the charges against them. Also on December 8, 1986, the trial court denied defendants' motion to dismiss the remaining counts (the theft and conspiracy counts) and granted defendants' motion to join the remaining counts for trial. At that time the case was set for status and trial on the remaining counts on January 9, 1987.

On December 30, 1986, the State filed a notice of appeal as to the dismissal of the forgery counts and the joinder of the remaining counts for trial. While that appeal was still pending, the State sought leave in the trial court to strike the theft and conspiracy counts with leave to reinstate (motion to SOL). The trial court granted the State's motion to SOL on January 9, 1987. Defendant again demanded trial on that date.

On October 23, 1987, this court reversed the trial court's order dismissing the forgery counts and remanded the case to the trial court. (*People v. East-West University, Inc.* (1987), 163 Ill. App. 3d 44, 50, 516 N.E.2d 482.) Regarding the trial court's order joining the theft and conspiracy counts for trial, we found that the order was an interlocutory order from which the State had no right of appeal. (*East-West University, Inc.*, 163 Ill. App. 3d at 50.) We also found that the State had not shown that the order dismissing the forgery charges affected its ability to prosecute the theft and conspiracy charges. (*East-West University, Inc.*, 163 Ill. App. 3d at 50.) On April 7, 1988, the Illinois Supreme Court denied defendants' petition for leave to appeal and on May 9, 1988, the mandate was filed in the circuit court.

The case was set for trial on June 2, 1988. On that date, the State

moved to reinstate the theft and conspiracy charges. Defendants objected on the grounds that the charges were time barred by the statute of limitations and the speedy trial term had run. At that time, defense counsel stated, "And I have in response to the State's motion to reinstate a motion to dismiss. Maybe it should more properly be captioned motion in objection to this motion to reinstate."

The trial court granted leave to file the motion and allowed the State's request for time to respond, setting June 30 for argument and ruling, by agreement of the parties except as to defendant East-West University. East-West University continued its demand for trial.

On June 30, 1988, the trial court denied the State's motion to reinstate the theft and conspiracy charges, ruling that the term prescribed in the speedy trial statute (725 ILCS 5/103—5 (West 1992)) had expired. The case was continued by agreement to August 8, 1988, for commencement of trial on the forgery counts.

The State filed a notice of appeal on July 29, 1988, purporting to appeal from the June 30, 1988, order which it characterized as "granting Defendant's Motion to Dismiss." Upon motion of defendants this court dismissed that appeal on September 21, 1991, on the grounds that the order appealed from was nonfinal because the trial judge merely denied the motion of the State to reinstate the theft and conspiracy charges but did not dismiss those charges. The mandate of this court was filed with the circuit court on October 6, 1991.

On October 8, 1991, the trial court again denied a motion by the State to reinstate the theft and conspiracy counts and this time entered an order dismissing those charges. Defendants again demanded trial. On that day, the State filed the present appeal, seeking reversal of the trial court's dismissal of the theft and conspiracy counts.

OPINION

At issue in the present appeal is the effect of two Illinois statutes, the speedy trial statute, section 103—5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/103—5 (West 1992)), and the statute of limitations, section 3—5 of the Criminal Code of 1961 (720 ILCS 5/3—5 (West 1992)), on the State's attempts to reinstate the theft and conspiracy charges. The speedy trial statute requires that trial commence within 160 days of a defendant's demand for trial where the defendant is on bail or recognizance. (725 ILCS 5/103—5(b) (West 1992).) The State contends that the trial court erred in dismissing the theft and conspiracy charges on October 8, 1991, based on violation

of this provision because the running of the 160-day statutory period was tolled by the filing of the State's interlocutory appeal on December 30, 1986. The State also contends that, contrary to defendants' position, reinstatement of the theft and conspiracy counts is not barred by the three-year statute of limitations applicable to those offenses (720 ILCS 5/3—5 (West 1992)), because the striking of those counts with leave to reinstate tolled the running of that statute.

## SPEEDY TRIAL STATUTE

We deal first with the issue of whether the trial court properly dismissed the theft and conspiracy counts because the statutory speedy trial period had run. Under the speedy trial provision of the Code of Criminal Procedure of 1963 (725 ILCS 5/103—5 (West 1992)) (the speedy trial statute), a person on bail or recognizance must be tried within 160 days of the date trial is demanded, unless delay is the result of one of the events listed in section 103—5(b). Where trial does not commence within the 160-day period, excluding any periods which toll the statute, a defendant is to be discharged. (725 ILCS 5/103—5(d)(West 1992).) Among the events listed which toll the statutory period are delay occasioned by the defendant and delay occasioned by an interlocutory appeal. 725 ILCS 5/103—5(b)(West 1992).

The State contends that its December 30, 1986, notice of appeal (the appeal of the dismissal of the forgery counts and the joinder of the remaining counts for trial) tolled the running of the speedy trial period for the theft and conspiracy charges as well as the forgery charges. The State claims that, had it proceeded to trial on the theft and conspiracy counts during the pendency of the appeal, it would have been precluded from trying the forgery counts when the dismissal was reversed. The State urges that, because of this concern, it chose to suspend the proceedings on the theft and conspiracy counts through its motion to SOL those charges.

●1 We note at the outset that the State's action in striking the theft and conspiracy charges with leave to reinstate them does not toll the statutory speedy trial period. This was made clear in *People v. Rodgers* (1982), 106 Ill. App. 3d 741, 435 N.E.2d 963, where the reviewing court stated:

"The striking of a charge with leave to reinstate does not discharge defendant from the indictment or terminate the proceedings against him and prosecution of the charge may be reinstated on the State's motion. [Citation.] The speedy trial statute is not tolled by the striking of a charge with leave to reinstate and the

charge must be dismissed on motion by defendant if more than the amount of time allowed by statute passes and none of the delay is attributable to defendant." (*Rodgers*, 106 Ill. App. 3d at 745.)

Accord *People v. Griffin* (1978), 58 Ill. App. 3d 644, 646, 374 N.E.2d 1031, in which the court stated:

"[T]he charges continue to lie against the accused, albeit in a dormant state, and they may be resurrected upon the State's motion at any time. Because such a procedure occurs upon the State's motion and does not effectively terminate a prosecution upon the initial charges, it has been held that the statutory speedy trial term continues to run after the charges have been stricken with leave to reinstate as long as the defendant demands trial."

See also *People v. Nelson* (1962), 25 Ill. 2d 38, 40, 182 N.E.2d 704; *People v. Sanders* (1980), 86 Ill. App. 3d 457, 467, 407 N.E.2d 951.

Since the State's action of striking the theft and conspiracy counts with leave to reinstate cannot toll the speedy trial period, we must determine whether the speedy trial period was tolled by the interlocutory appeals in the present case. It is not factually disputed that if neither of the two periods of interlocutory appeal tolls the speedy trial statute, the 160-day statutory period has not run.

Defendants first demanded trial on June 11, 1986. The first period of interlocutory appeal began on December 30, 1986, with the filing of the State's first notice of appeal and ended on May 9, 1988, when the mandate was filed in the circuit court. As noted, this first appeal was from the trial court's dismissal of the forgery counts and its order joining the theft and conspiracy counts for trial. The question is whether the appeal of either of those two orders can operate to toll the running of the statutory speedy trial period as to the theft and conspiracy charges.

●2 Regarding the order joining the theft and conspiracy charges, this court dismissed the appeal, stating "An order joining charges for trial is an interlocutory order from which the State has no right of appeal." (*East-West University, Inc.*, 163 Ill. App. 3d at 50.) Generally, the filing of a notice of appeal invokes the jurisdiction of the reviewing court and at the same time divests the trial court of jurisdiction to rule on substantive matters which would be affected by the appeal. (*People v. Circella* (1972), 6 Ill. App. 3d 214, 216, 285 N.E.2d 254; *People v. Benda* (1984), 124 Ill. App. 3d 950, 953, 464 N.E.2d 1268.) However, such is not the case where the appeal is taken from a nonappealable order. *Benda*, 124 Ill. App. 3d at 954; *People v. Bradley* (1984), 129 Ill. App. 3d 177, 182, 472 N.E.2d 480.

In *Benda*, the court stated:

"[W]here it is clear to the trial court that a notice of appeal is deficient by reason of untimeliness, lack of essential recitals or reference to a nonappealable order, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction since *the deficient notice of appeal does not transfer jurisdiction to the appellate court.*" (Emphasis added.) (*Benda*, 124 Ill. App. 3d at 954.)

Accordingly, in the present case, since the trial court's order joining the theft and conspiracy charges was nonappealable, the pendency of that appeal could not toll the running of the speedy trial period.

This result is supported by the Illinois Supreme Court's decision in *People v. Jones* (1984), 104 Ill. 2d 268, 472 N.E.2d 455. In that case, the court considered two separate periods of interlocutory appeal in the context of the speedy trial statute. The trial court had orally granted the defendant's motion to suppress evidence, making it clear that a written order embodying its ruling was to be prepared and entered. The State filed a notice of appeal prior to entry of the written order. Once the written order was entered, the State filed a second notice of appeal. (*Jones*, 104 Ill. 2d at 274-76.) The supreme court found that only the second notice of appeal conferred jurisdiction on the appellate court and, therefore, only the filing of the second notice of appeal tolled the statutory speedy trial period. *Jones*, 104 Ill. 2d at 281-82.

Next, we turn to the question of whether the State's appeal of the dismissal of the forgery charges tolled the running of the speedy trial period not only as to the forgery charges, but also as to the theft and conspiracy charges. When an appeal is taken which affects only some counts against the defendant, but does not affect other counts, the trial court loses jurisdiction over those matters which are the subject of the appeal but retains jurisdiction of the remaining counts and the State can proceed to trial on those counts. (*People v. Mitsako-poulos* (1988), 171 Ill. App. 3d 198, 203, 524 N.E.2d 1183.) This court has already determined in the first appeal that the State has not shown any reason why the order dismissing the forgery charge would impede its ability to prosecute the remaining theft and conspiracy charges (*East-West University, Inc.*, 163 Ill. App. 3d at 50.) Thus, the speedy trial period cannot be tolled for the theft and conspiracy charges on that basis. (See *People v. Shukovsky* (1989), 128 Ill. 2d 210, 228, 538 N.E.2d 444 (no tolling of the speedy trial period where collateral appeal did not terminate or impede the State's ability to prosecute the charges against the defendant).) However, the speedy trial period is tolled where the charges which are the subject of an interlocutory appeal and the charges which remain are required to be

tried together. *Mitsakopoulos*, 171 Ill. App. 3d at 202. See also *People v. Tomasello* (1981), 98 Ill. App. 3d 588, 594, 424 N.E.2d 785 (where counts of an indictment are based on the same transaction, all counts are subject to one speedy trial period which is tolled by an appeal of an order dismissing one of the counts).

The compulsory joinder provisions of the Criminal Code of 1961 (720 ILCS 5/3—3, 3—4 (West 1992)) require that all known offenses be prosecuted in a single prosecution where the offenses are based on the same acts. The statute states:

"§ 3—3 Multiple Prosecutions for Same Act. (a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act. (720 ILCS 5/3—3 (West 1992).)

Where two charges are subject to compulsory joinder and the State prosecutes only one of the charges, subsequent prosecution for the second offense may be barred where the first prosecution resulted in acquittal or conviction. 720 ILCS 5/3—4 (West 1992).

The "same act" requirement under the compulsory joinder provisions was strictly interpreted in *People v. Mueller* (1985), 109 Ill. 2d 378, 488 N.E.2d 523. In that case, the defendant was acquitted of murder charges in the shooting of two victims. He was subsequently charged with homicidal concealment of the bodies. The court, in ruling that the prosecution for homicidal concealment was not barred under the compulsory joinder statute, wrote:

"The murder and the concealment here were accomplished by independent overt acts constituting different offenses. The acts of shooting the [victims] underlay the murder charges; the concealment offense was grounded in defendants' acts secreting the victims' bodies subsequent to the shootings.

The fact that the shootings and the acts of concealment were related is irrelevant. There is no requirement of joinder where multiple offenses arise from a series of related acts." *Mueller*, 109 Ill. 2d at 385.

In *Mitsakopoulos* (171 Ill. App. 3d 198, 524 N.E.2d 1183), the defendant was charged with theft and forgery, but the theft counts were dismissed. While the appeal of the theft count was pending, the State proceeded to trial on the forgery count, and the defendant was acquitted. (*Mitsakopoulos*, 171 Ill. App. 3d at 199.) The appellate court reversed the trial court's dismissal of the theft counts and

remanded the case. The defendant then filed a second motion to dismiss the theft counts on the grounds that, under the compulsory joinder statute (Ill. Rev. Stat. 1985, ch. 38, pars. 3—3, 3—4), the theft and forgery counts were required to be tried together because they were based on the same act. On the second appeal, the reviewing court ruled that because the theft charge was based on unauthorized control of the proceeds of a check which was the basis of the forgery charge, both charges should have been tried together. (*Mitsakopoulos*, 171 Ill. App. 3d at 201-02.) After pointing out that the speedy trial statute would have been suspended during the appeal, the court noted, "The State had the opportunity to suspend further proceedings pending appeal, but adopted the questionable strategy of proceeding to trial on the remaining forgery counts." Because the State chose to proceed to trial on the forgery counts while the theft counts were on appeal, it was barred from prosecuting the theft counts after their dismissal was reversed. *Mitsakopoulos*, 171 Ill. App. 3d at 201-02.

The State contends in the present case that all of the charges were required to have been tried together. Thus, just as in *Mitsakopoulos*, had the State proceeded to trial on the theft and conspiracy counts while the forgery counts were on appeal, an acquittal or conviction on the theft and conspiracy counts would have operated to bar the State from prosecuting the forgery charges once their dismissal was reversed.

●3 We agree that, if the theft and conspiracy charges in the present case are based on the same acts as the forgery charges, the compulsory joinder statute applies and all of the charges are subject to only one speedy trial period which was tolled during the appeal of the order dismissing the forgery charges. Where the same acts are involved so that the charges must be prosecuted together, the State should not be required to risk sacrificing the right to trial on remanded charges in order to assure trial of the remaining counts within the speedy trial period. While it appears from the language of the indictments that the charges may have arisen from the same acts and thus be subject to the requirement that they be tried together, it is not entirely clear that this is the case. However, that question need not be resolved here because the running of the statutory speedy trial period cannot be tolled during the pendency of the second interlocutory appeal.

On July 29, 1988, the State appealed the trial court's June 30, 1988, order denying reinstatement of the theft and conspiracy charges. This second appeal was dismissed by this court because the order appealed from was not appealable. As explained earlier, an appeal from a nonappealable order will not divest the trial court of

jurisdiction or toll the running of the statutory speedy trial period. (See *Jones*, 104 Ill. 2d at 281-82; *Benda*, 124 Ill. App. 3d at 953.) Thus, the running of the speedy trial period was not tolled during the period of July 29, 1988, to October 6, 1991, while the State's second appeal was pending, a period which clearly exceeds the 160-day statutory speedy trial period. Accordingly, even if the compulsory joinder statute would apply so that the running of the speedy trial period could be tolled for the theft and conspiracy charges during the State's first appeal, there was no tolling during the State's second appeal. Since it is clear with respect to the second appeal that the speedy trial statute had expired, the trial court properly dismissed the theft and conspiracy charges on October 8, 1991.

STATUTE OF LIMITATIONS

Defendants have also urged that the reinstatement of the theft and conspiracy charges is barred by the statute of limitations. Defendants claim that the limitations period ran during the time when those charges were stricken with leave to reinstate. This issue need not be resolved in this appeal because, as explained above, the speedy trial period applicable to those charges has run. However, we would note the Illinois Supreme Court's decision in *People v. Johnson* (1936), 363 Ill. 45, 1 N.E.2d 386. In that case, conspiracy charges were stricken with leave to reinstate. Later, the charges were reinstated and quashed. A second indictment consisted of two counts, only one of which charged the same offense as that charged in the first indictment. The second count of the second indictment was properly dismissed because the statute of limitations had run. However, for the first count of the second indictment, the prosecution was not barred by the statute of limitations because the limitations period had been tolled from the date the first indictment for the same conduct had been returned through the date the first indictment had been quashed. The supreme court wrote:

> "[W]hen an indictment is quashed or the proceedings on the same are set aside or reversed on writ of error, the time during the pendency of such indictment shall not be reckoned so as to bar any new indictment for the same offense. Although there was a period of time when the original indictment was not on the court's docket because it had been stricken with leave to re-instate, yet there was no abandonment of the prosecution, and the time which was tolled by the pendency of the indictment must include all that intervened between the date when it was returned and the date when it was quashed." *Johnson*, 363 Ill. at 48.

We recognize that there is *dicta* in *People v. Triplett* (1985), 108

Ill. 2d 463, 485 N.E.2d 9, which could support a different conclusion. There, in concluding that cross-examination should have been permitted to show bias where an SOL had been entered for charges against a State's witness, the court commented that charges stricken with leave to reinstate could be reinstated within the limitations period. (*Triplett*, 108 Ill. 2d at 482, citing *People v. Reese* (1984), 121 Ill. App. 3d 977, 988, 460 N.E.2d 446.) We note, however, that the court made no mention of its previous pronouncement in *Johnson* and thus did not delineate a deliberate change in position. Unlike *Johnson*, *Triplett* was not a case which challenged the tolling of the limitations period while a charge was stricken with leave to reinstate.

●4 We respect the rationale of the United States Supreme Court in *United States v. Marion* (1971), 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455, that the speedy trial right and statutes of limitation should not be operative at the same time. (*Marion*, 404 U.S. at 323, 30 L. Ed. 2d at 480, 92 S. Ct. at 465 ("no need to press the Sixth Amendment [right to speedy trial] into service to guard against the mere possibility that pre-accusation delays will prejudice the defense in a criminal case since statutes of limitation already perform that function").) As noted earlier, the State's ability to reinstate the charges is subject to the speedy trial statute. (See *Nelson*, 25 Ill. 2d at 40 (reinstatement of charge more than three years after it was stricken with leave to reinstate was barred by speedy trial statute).) It would be inappropriate to allow for the running of the speedy trial period on the basis that the charge is still pending and could be reinstated at any time (see *People v. Decatur* (1989), 191 Ill. App. 3d 1034, 1037, 548 N.E.2d 509), and at the same time allow for the running of the statute of limitations period on the basis that a prosecution for the same conduct is not pending under section 3—7 (720 ILCS 5/3—7 (West 1992)).

The failure to toll the speedy trial period because of an SOL assures that the State will not have the power to reinstate charges indefinitely. (See *People v. Baskin* (1967), 38 Ill. 2d 141, 143, 230 N.E.2d 208 (speedy trial statute prevents a stricken charge from remaining pending for an indefinite period of time with the possibility of its reinstatement hanging over defendant's head).) Therefore, despite the contrary *dicta* in *Triplett*, we conclude that, in accordance with the Illinois Supreme Court's reasoning in *Johnson*, reinstatement of the theft and conspiracy charges, although barred by the speedy trial statute, would not be barred by the statute of limitations.

For the foregoing reasons, the trial court's order dismissing the theft and conspiracy charges is affirmed.

Affirmed.

McNULTY and COUSINS, JJ., concur.