Lloyd D. MITCHELL, et al., Plaintiffs,

v.

Charles E. KEENAN, et al., Defendants.

No. 92 C 761.

United States District Court,
N.D. Illinois,
Eastern Division.

July 19, 1994.

Harold John Fassnacht, John T. Allen, Bullwinkel Partners, Ltd., Chicago, IL, for Lloyd Mitchell, Sr., Leola Mitchell.

Thomas Stanley Malciauskas, Vito M. Masciopinto, Hinshaw & Culbertson, Richard T. Wimmer, Dennis G. Walsh, Philippe R. Weiss, James Vincent Ferolo, Klein, Thorpe & Jenkins, Ltd., John P.C. Duncan, Jones,

Day, Reavis & Pogue, John T. Allen, Bull-winkel Partners, Ltd., Chicago, IL, for Lloyd Mitchell, Jr., Mary Mitchell, Aaron Mitchell.

Iris Ellen Sholder, City of Chicago Bd. of Educ., Chicago, IL, for Charles E. Keenan, Bd. of Educ. of City of Chicago.

Justin Paul Erbacci, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, for City of Chicago, IL.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Before the Court are the "Motion of Plaintiffs for Amendment of Judgment" and Defendants' motion for sanctions.

Plaintiffs Lloyd D. Mitchell Sr. and his wife Leola sued Charles K. Keenan, the principal at the Jane Neil School, the Chicago Board of Education, four Chicago police officers, and the City of Chicago pursuant to 42 U.S.C. §§ 1983 and 1985 (1988). After Plaintiffs' filing of a Third Amended Complaint, the Defendant City of Chicago filed a Motion to Dismiss Plaintiff's Third Amended Complaint or in the Alternative for Summary Judgment. The parties filed their statements of fact pursuant to Local Rules 12(m) and 12(n), and the Court treated the motion as one for summary judgment. By Memorandum Opinion and Order dated April 21, 1994, the Court granted the City's motion for summary judgment and, with respect to the other defendants, dismissed Plaintiffs' Third Amended Complaint with prejudice.

The Mitchells allege violations of their First, Fourth, Fifth, and Fourteenth Amendment rights stemming from an incident on September 3, 1986. That day, Mr. Mitchell objected to the Jane Neil Elementary School's assignment of his children and the school's subsequent handling of his concerns. Mitchell called the school's assistant principal and made a reference to shooting at an Oklahoma post office by stating: "that's the reason why things like what happened in Oklahoma happen...." The school took the statement as a threat. Defendant Keenan called the police and, after Mitchell was arrested, swore a complaint against Mitchell for aggravated assault. On September 17, 1986, the charge against Mitchell was dis-missed with leave to reinstate, or, as Plaintiffs now instruct, "stricken off call with leave to reinstate", or SOL.

On October 2, 1987, the Mitchells filed suit in the Circuit Court of Cook County. On May 22, 1989, that action was dismissed and became final and appealable. On October 11, 1991, Plaintiffs moved to vacate that dismissal. The Motion was denied on October 21, 1991. This action was filed on January 30, 1992.

In the Memorandum Opinion and Order of April 21, 1994, the Court held that Plaintiffs' claims were time barred under the State of Illinois two year personal injury limitations period set out at 735 ILCS 5/13–202 (Smith–Hurd 1993), which governs section 1983 actions. In finding that the Mitchells' claims were time-barred, the Court rejected each of the two arguments they made in favor of tolling the statute: (1) their rights were being violated on an ongoing basis, and (2) the statute was tolled during the pendency of their state court action. Plaintiffs have requested the Court to re-examine the first of these arguments. Defendants assert that this request is sanctionable.

The Court found that Plaintiffs had failed to demonstrate that their rights were being violated on an ongoing basis for two reasons: (1) the failure to demonstrate any act of continued harassment; and (2) because the statute of limitations for the prosecution of a misdemeanor had run, Mr. Mitchell could not reasonably fear retaliation by the reinstatement of the criminal action against him.

■ In their instant motion, Plaintiffs have failed to adequately address the first of these reasons. As the Court previously pointed out, none of Mitchell's assertions of continued harassment rise to the level of a constitutional violation. One allegation not previously mentioned is Mr. Mitchell's otherwise unsupported assertion that "The School Board, through Mr. Keenan and the police, told Mitchell that if he ever set foot on the School premises again they would call the police and renew the charges against him and upgrade them to a felony." (Mitchell Aff. ¶ 9.) This assertion is undated and uncorroborated. Moreover, it is insufficient to

constitute evidence of continuing harassment rising to the level of a constitutional violation.

■ With respect to the Court's second reason for denying a continuing violation, Plaintiffs raise an interesting argument. Plaintiffs contend that Mr. Mitchell could reasonably fear retaliation because the Defendants have never concluded his SOL case. When a case, usually a criminal one, is stricken off call with leave to reinstate, it cannot be tried against until it is again placed on the docket. *See People ex rel. DeVos v. Laurin,* 73 Ill.App.3d 219, 29 Ill.Dec. 5, 7, 391 N.E.2d 164, 166 (1979). The case is technically a pending case. *Id.* A court may, in its discretion, allow a subsequent motion to reinstate. *Id.*

Given the theoretical foundation for SOL cases, the Plaintiffs argue, the criminal case against Mitchell could be reinstated at any time, thereby constituting continued harassment. The Court's previous ruling, so the argument goes, was erroneous because it assumed that an SOL misdemeanor case, like Mitchells, could not be reinstated after the eighteen month limitations on prosecutions had run. That statute states that "prosecution for any offense . . . must be commenced . . . within one year and 6 months after its commission if it is a misdemeanor." 720 ILCS 5/3–5(b) (Smith–Hurd 1993). Plaintiffs contend that since a case dismissed SOL theoretically remains pending, a motion to reinstate that case is not the "commencement" of a prosecution.

■ Of the few courts that have addressed this issue recently all but one have assumed that an SOL case could not be reinstated after the limitations on prosecutions had run. *See Dobiecki v. Palacios,* 829 F.Supp. 229 (N.D.Ill.1993); *Bryant v. Whalen,* 759 F.Supp. 410 (N.D.Ill.1991) (adopting a magistrate judge's report and recommendation); *People v. Triplett,* 108 Ill.2d 463, 92 Ill.Dec. 454, 485 N.E.2d 9 (1985); *People v. Reese,* 121 Ill.App.3d 977, 77 Ill.Dec. 390, 460 N.E.2d 446 (1984). *But see People v. East–West University, Inc.,* —— Ill.App.3d ——, 202 Ill.Dec. 55, 637 N.E.2d 594 (Ill.App.1994). In *People v. East–West University, Inc.,* however, the Illinois Appellate Court for the first district stated that, under 720 ILCS 5/3–

7(c) (Smith–Hurd), the time a criminal case is pending SOL must be excluded from the "period within which a prosecution must be commenced." This result is squarely supported by *People v. Johnson,* 363 Ill. 45, 1 N.E.2d 386 (1935). The Court must therefor strike that portion of its previous opinion finding that the state's prosecution would be time barred.

The Court need not strike, however, its conclusion that, as a matter of law, Mitchell could not reasonably fear prosecution. Even though SOL cases may, apparently, indefinitely toll the state statute of limitations, they do not indefinitely toll the state speedy trial act, 725 ILCS 5/103–5 (Smith–Hurd 1993). Under the Illinois Speedy Trial act, the prosecution has 160 days, with some exceptions, to trial a Defendant who demands a trial. Any prosecution attempt to reinstate a case dismissed SOL after the 160 day time period has run violates the act. *See People v. East–West University, Inc.,* —— Ill.App.3d ——, 202 Ill.Dec. 55, 637 N.E.2d 594 (Ill.App. 1994).

■ Plaintiffs argue that the speedy trial act does not bar their claims. The Court agrees. Plaintiffs assert that the act does not apply to them because Mr. Mitchell is not in custody, on bail, or on "recognizance", the only circumstances specifically noted in the statute. And, they argue that the act does not apply to bar their claim because Mr. Mitchell has not demanded a trial. The first of these arguments must be rejected. It is apparent that the State of Illinois intended to statutorily provide protection for each Defendant entitled to a trial under the United States Constitution. A Defendant not in custody or on bail during the pendency of a criminal action must therefore be on "recognizance."

■ The Court accepts, however, Plaintiffs assertion that Mr. Mitchell never demanded a trial and therefore never started the commencement of the one hundred and sixty days. This demonstrates that the speedy

trial act does not prevent reinstitution of Mitchell's criminal action.[1]

■ Plaintiffs are thus in the position of claiming that Mr. Mitchell's constitutional rights are continually being violated because the state has not dismissed its action against him with prejudice. Mitchell's fear of retaliation, on this basis, is neither reasonable, nor does it rise to the level of continued harassment. Mitchell's fear is not reasonable because there is no indication that he has any right to have the case permanently stricken and he has taken no action to preserve his right to a speedy trial. His argument is reduced to the assertion that neither he nor the state has taken any action on his state lawsuit and that, therefore, the state continually harasses him through its omission to act and that such harassment will continue indefinitely. In the opinion of the Court, Mitchell cannot reasonably fear "retaliation" that he could have prevented long ago by making a demand for trial. Moreover, and independently, it is the Court's opinion that Mitchell cannot show "continued harassment" by the State's failure to alter its long standing criminal court practice by specifically dismissing the criminal action permanently.

Accordingly, the Motion of Plaintiffs for Amendment of Judgment is denied. Defendants motion for sanctions, on the basis of *People v. East–West University, Inc.*, is denied. This is the final judgment in this case.

1. The Court notes, however, that the action may now be barred on other equitable grounds.