**Lloyd D. MITCHELL, Sr. and Leola Mitchell, Plaintiffs–Appellants,**

v.

**Charles E. KEENAN, Board of Education of the City of Chicago and City of Chicago, a municipal corporation, Defendants–Appellees.**

No. 94–2985.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 7, 1995.

Decided March 23, 1995.

John T. Allen, Jr. (argued), Harold J. Fassnacht, Bullwinkel Partners, Chicago, IL, for Lloyd D. Mitchell, Sr., Leola Mitchell.

Iris E. Sholder, Patricia J. Whitten, Janet B. Johnson–Vinion (argued), City of Chicago Bd. of Educ., Chicago, IL, for Charles E. Keenan, Bd. of Educ. of City of Chicago.

Lawrence Rosenthal, DCC, Benna R. Solomon, Patricia J. Kendall (argued), Susan S. Sher, Justin P. Erbacci, Office of Corp. Counsel, Appeals Div., Chicago, IL, for City of Chicago.

Before BAUER, COFFEY, and KANNE, Circuit Judges.

BAUER, Circuit Judge.

Lloyd Mitchell and his wife Leola brought this action against a Chicago elementary school principal, the Chicago Board of Education, four individual police officers, and the City of Chicago pursuant to 42 U.S.C. §§ 1983 and 1985, alleging violations of their rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. The district court granted the defendants' motion for summary judgment on the grounds that the applicable statute of limitations had run. We affirm.

The Mitchells' claims arise from an incident that transpired on September 3, 1986. That date was the first day of the school year for the Mitchells' children, who attended Jane Neil Elementary School. The Mitchells apparently disliked the classroom teacher to whom their children had been assigned. In voicing his displeasure by way of a telephone conversation with the school's assistant principal, Lloyd Mitchell made, in the words of his appellate counsel, several "intemperate" remarks. While there is some dispute as to exactly what Mitchell said, it is undisputed that Mitchell made explicit reference to the then-recent shootings in an Oklahoma post office and stated that the kind of dispute in which the Mitchells were then embroiled is what causes such tragedies. Intemperate indeed!

Not surprisingly, school officials summoned the police to the Mitchells' home, and Lloyd Mitchell was arrested. Dr. Charles Keenan, the school's principal, signed a sworn complaint against Mitchell for aggravated assault, a misdemeanor. On September 17, 1986, after a hearing, the charge against Mitchell was dismissed by the prosecutor with leave to reinstate. The Mitchells and the school authorities agreed that their dispute was simply a misunderstanding between them and that proceeding further was unnecessary.

Not satisfied with the détente, the Mitchells filed suit in the Circuit Court of Cook County on October 2, 1987, claiming false arrest. On May 22, 1989, the circuit court dismissed the action. On October 11, 1991, the Mitchells moved to vacate that dismissal, and on October 21, 1991, the circuit court denied their motion. The Mitchells filed this suit in the district court on January 30, 1992, more than five years after Lloyd Mitchell's arrest.

The substance of the Mitchells' claims is that they fear retribution from the State for Lloyd Mitchell's outburst and that this fear has precluded them from exercising their First Amendment right to free speech; specifically, it keeps from criticizing school officials. They acknowledge that the applicable statute of limitations in Illinois for their constitutional claims is two years, see, e.g., Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir.1993) (citations omitted), and that it has been a good deal longer than two years between the events in question and the filing of the Mitchells' federal suit. The Mitchells, however, advanced several arguments to the district court supporting their position that the statute of limitations had been tolled; the district court found none convincing. On appeal, the Mitchells press just one argument: that the State's disposition of Lloyd Mitchell's 1986 misdemeanor prosecution by an unusual tool of Illinois procedure has

caused the prosecution of that case to linger such that the statute of limitations even now has not begun to run. This dormant prosecution is, in the Mitchells' eyes, an on-going violation of their constitutional rights. Notwithstanding our recognition that this procedural tool is quirky, we reject the Mitchells' argument.

■ The prosecutor had the charge against Lloyd Mitchell "stricken with leave to reinstate," otherwise known as an SOL. The SOL is an odd and much misunderstood creature of Illinois procedure. It is purely a common-law creation (the Illinois Code makes no mention of the SOL) and is used almost exclusively in criminal matters. *People ex rel. DeVos v. Laurin*, 73 Ill.App.3d 219, 29 Ill.Dec. 5, 7, 391 N.E.2d 164, 166 (1979). Its effect is to remove the case from the trial court's docket while the prosecution technically remains pending. *Id.* The prosecution, however, may not proceed until the case has been placed again on the court's docket. *People v. Kidd*, 357 Ill. 133,. 191 N.E. 244, 246 (1934). The prosecutor must move for such a reinstatement, but the trial court retains its discretion such that the charge may only be reinstated for good cause. *Laurin*, 29 Ill.Dec. at 7–8, 391 N.E.2d at 166–67 (citing *Tibbs v. Allen*, 29 Ill. 535 (1863)). What is required to demonstrate good cause, however, has not been directly addressed by the Illinois courts. We believe that the requisite good cause can be shown by a lack of bad faith on the part of prosecutor (*i.e.* the delay was not designed to circumvent speedy trial requirements) coupled with a good reason to delay and subsequently reinstate the prosecution (*i.e.* a witness refuses to testify but then capitulates). But, because this matter is purely one of Illinois law, ours is nothing more than a well-reasoned guess.

■ In sum, the case against Lloyd Mitchell is technically pending, despite the lapse of almost nine years and the absolute absence of any activity connected with the prosecution of this case during this time. This tidy (if somewhat simplified) description of this enigmatic procedural tool lays the foundation for our consideration of the Mitchells' claims.

The Mitchells claim that they fear that the prosecutors will reinstate the misdemeanor assault charge against Lloyd Mitchell. They offer nothing in the way of objective evidence that this fear is reasonable. In that sense, this case is analogous to many of our standing cases featuring a fear of prosecution. *See, e.g., Schmidling v. City of Chicago*, 1 F.3d 494 (7th Cir.1993). In those cases, a party attempts to challenge a recently-enacted statute and claims that it has standing because it fears it will be prosecuted under the statute. In a case of this type, a party's claim of "genuine fear" of prosecution is not enough; the party's fear must be supported by some objective evidence to demonstrate that the fear is reasonable. *Id.* at 489–99. Specifically, the threat of prosecution must be " 'real and immediate, not conjectural or hypothetical.' " *Id.* at 498 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974)). Even on-going prosecutions under a previous version of the challenged statute do not suffice to render possible prosecutions under the new statute "real and immediate." *Id.*

In this case, the likelihood of further prosecution of Mitchell's misdemeanor assault case is purely conjectural and neither real nor immediate. The Mitchells claim that the simple status of the case, stricken with leave to reinstate, demonstrates the immediacy of the prosecution. Not remotely. The case can be reinstated only upon a motion by the State coupled with a showing of good cause sufficient to convince the judge to grant the motion. At a bare minimum, the Mitchells must demonstrate that the prosecution has done *something* since 1986 such that they legitimately fear that the case will be reinstated. They have not.

■ Not only is there no factual basis for believing that the assault prosecution may be renewed, it is quite likely that the State is legally precluded from reinstating the case against Lloyd Mitchell. While it is strictly a matter of Illinois law, there is nothing in the record of this case that would begin to support reinstatement for good cause. Moreover, reinstatement of the prosecution is likely barred by the Fifth Amendment's guarantee of a speedy trial under *Barker v. Wingo,*

407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). *See also Doggett v. United States*, —— U.S. ——, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (holding that a delay of eight and one-half years between indictment and trial is presumptively prejudicial).[1] In addition, some indication is found in Illinois caselaw that the relevant statute of limitations might preclude such a prosecution.[2]

In any event, there is no indication that the State will even encounter these legal obstacles; not a shred of evidence exists to indicate that the State has any intention of reinstating the charges against Mitchell. Without an objective fear of a reinstatement of the prosecution, there is no ongoing violation of the Mitchells' constitutional rights; the statute of limitations, therefore, bars their claims. The district court's order granting summary judgment for the defendants is

AFFIRMED.

---

1. The Illinois speedy trial act, 725 ILCS 5/103–5, is not implicated. If the provisions of the act are triggered, an SOL does not toll the speedy trial statute. *People v. East–West University, Inc.*, 265 Ill.App.3d 557, 202 Ill.Dec. 55, 58, 637 N.E.2d 594, 597 (1994) (relying on several decisions of the Illinois Appellate Courts). But Mitchell has never made the demand for trial necessary to trigger the Illinois speedy trial act.

2. Early cases of the Illinois Supreme Court hold that the applicable statute of limitations is tolled by the entry of an SOL. *See People v. St. John*, 369 Ill. 177, 15 N.E.2d 858 (1938); *People v. Johnson*, 363 Ill. 45, 1 N.E.2d 386 (1934); *People v. Kidd*, 357 Ill. 133, 191 N.E. 244 (1934). A recent case, however, cast doubt over this rule when it stated that a prosecution that has been stricken with leave to reinstate could only be reinstated within the limitations period. *People v. Triplett*, 108 Ill.2d 463, 92 Ill.Dec. 454, 485 N.E.2d 9 (1985) (citing *People v. Reese*, 121 Ill. App.3d 977, 77 Ill.Dec. 390, 460 N.E.2d 446 (1984)). At least one Illinois Appellate Court, the First District, has held that because the *Triplett* court did not address the earlier cases or expressly overrule them, this statement is dicta and therefore not binding. *East–West University*, 202 Ill.Dec. at 62, 637 N.E.2d at 601. Despite the persuasive position adopted by the First District, the law on this area is hardly clear.